CAROLINE V. SMEDIS, Administratrix, etc., Respondent, v. THE BROOKLYN AND ROCKAWAY BEACH RAILROAD COMPANY, Appellant.

While a traveler on a highway, on approaching a railroad crossing, is bound to look and listen for an approaching train before undertaking to cross, it is only where it appears from the evidence that he might have seen had he looked, or might have heard had he listened, that a jury, in the absence of evidence upon the question, is authorized to find that he did not look and did not listen.

In an action to recover damages for the alleged negligent killing of S., plaintiff's intestate, it appeared that S. was seen going westward toward defendant's track, upon a street which was crossed by said track. It was a very dark night, a train having no headlights was approaching from the north on a down grade, without steam and making but little noise; the bell was not rung or the whistle sounded. Another train was approaching the crossing from the south on another track west of the defendant's ; it had a bright headlight, its whistle was sounded and its bell was rung, and as it was upon an up grade the exhaust of the engine made a great noise. Defendant's engine first reached the crossing ; a witness standing on the street west of the defendant's track testified that by the aid of the light of a lamp reflected along the street, he saw the form of a man approaching the track, who turned toward the south as he came near the track, when the view was cut off by the approaching train. S. was found after the trains passed lying near defendant's track, a few feet south of the line of the street, with a wound on the left side of his head

which caused his death. *Held*, that the evidence authorized the submission to the jury of the question of negligence on defendant's part, and contributory negligence on the part of S. · that the evidence did not show conclusively that S. was south of the southerly line of the street when struck by the engine ; that it was not to be assumed that defendant did not look or listen for a train on defendant's road, as the evidence tended to show he could neither have seen nor heard the train approaching thereon, and that his attention was necessarily given to the other train.

Evidence was given sufficient to warrant a finding that defendant's track was laid upon a public street. *Held*, that assuming S. was not attempting to cross the track at the crossing, but was south of the line of the street upon which he approached when struck ; this did not prevent a recovery ; that S. had a right to go upon defendant's track south of the crossing if it was part of a highway, and if killed while there by defendant's negligence and without any want of care on his part, the action was maintainable.

The court charged in substance that from a point the proper distance from the crossing until the locomotive reached the crossing, it was defendant's duty either to ring a bell or blow a whistle, and do it continuously so as to give warning. To this portion of the charge defendant's counsel excepted generally. *Held* untenable ; that the charge was substantially correct, but even if the court erred in using the word " continuously," a portion of the charge being correct, a general exception could not be sustained ; that if any qualification was proper and desired it should have been suggested.

At the close of the evidence, defendant's counsel presented to the court fifteen separate requests to charge ; as to most of these the court charged substantially as requested, and at the conclusion of the charge, declined to charge except as already charged, to which refusal as to each of the requests said counsel excepted. *Held* untenable ; that if the court erred in refusing to charge one or more of the propositions presented, there was no sufficient exception, the exception should have been more specific, pointing out the particular request to which it was intended to apply.

(Argued January 15, 1882 ; decided February 7, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 14, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Mem. of decision below, 23 Hun, 279.)

This action was brought to recover damages for the alleged negligence of defendant causing the death of Peter J. Smedis, plaintiff's intestate.

The facts are sufficiently set forth in the opinion.

*Henry W. Johnson* for appellant. There being no witnesses of the accident, to entitle the plaintiff to recover, she was bound to show affirmatively that the deceased exercised proper care for his own safety, and if the circumstances point just as much to negligence on his part as to its absence, or point in neither direction, she cannot recover. (*Cordell* v. *Hudson R. R. R. Co.*, 75 N. Y. 330 ; *Miller* v. *N. Y. C. & H. R. R. R. Co.*, 13 Wkly. Dig. 145 ; *Hart* v. *Hudson River Bridge Co.*, 84 N. Y. 56 ; *Riceman* v. *Havemeyer*, id. 647 ; *Matze* v. *N. Y. C. & H. R. R. R. Co.*, 1 Hun, 417 ; *Reynolds* v. *N. Y. & H. R. R. Co.*, 58 N. Y. 248 ; *Crippen* v. *Id.*, 40 id. 34 ; *Bronk* v. *N. Y. & N. H. R. R. Co.*, 5 Daly, 454 ; *Haight* v. *N. Y. C. R. R. Co.*, 7 Lans. 11 ; *Ernst* v. *H. R. R. Co.*, 24 How. Pr. 110 ; *Wilds* v. *Id.*, 29 N. Y. 315 ; *Wilcox* v. *Rome, W. & O. R. R. Co.*, 39 id. 358 ; *Gonzales* v. *N. Y. & H. R.*, 38 id. 440 ; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451 ; *Salter* v. *U. & B. R. R. Co.*, 75 id. 273 ; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, id. 430 ; *Cook* v. *N. Y. C. R. R. Co.*, 1 Abb. Ct. of App. Dec. 432 ; *Kellog* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 72.) It was error for the court to say to the jury that if plaintiff was on the track, they were to judge whether the company took all the precautions the law required, to enable them to guard against any accident to him, for such a proposition assumes that some duty was required of defendant which it omitted to perform. (*Sewel* v. *N. Y. C. & H. R. R. R. Co.*, 10 N. Y. Wkly. Dig. 224 ; *Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 id. 133 ; *Chapman* v. *Id.*, 14 Hun, 484 ; *Dougan* v. *C. T. Co.*, 56 N. Y. 1 ; *Sutton* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 243.)

*Theo. N. Melvin* for respondent. Defendant was guilty of negligence in not ringing the bell or blowing the whistle, and in not having a light on the front of the train. (Chap. 282, Laws of 1854 ; *Johnson's Case*, 20 N. Y. 73 ; *Cheney's Case*, 16 Hun, 415 ; *Steinway's Case*, 43 N. Y. 126 ; *Brown's Case*, 34 id. 404 ; *Weber's Case*, 58 id. 458 ; 45 id. 850 ; *Kissinger's Case*, 56 id. 543 ; *McGovern's Case*, 67 id. 423 ; *Eaton's Case*,

Sup. Ct. Mass., 10 Rep. 52.) The question whether defendant did every thing required of it by law before crossing Liberty avenue was an issue for the jury, to be decided by them upon contradictory testimony. (*Masterson's Case*, 10 Rep. 783; *Payne's Case*, 83 N. Y. 572; *Shaw* v. *Jewett*, 13 N. Y. Weekly Dig. 80; *Cordell's Case*, 75 N. Y. 333.) To justify a nonsuit the negligence must appear so clearly that no construction of the evidence or inference drawn from the facts would have warranted a contrary conclusion, and that a verdict of the jury the other way would have been set aside as against the evidence. (*Stackus' Case*, 79 N. Y. 464–6, 467, 469; *Casey's Case*, 78 id. 518; *Payne* v. *T. & B. R. R. Co.*, 83 id. 572; *Terry* v. *Jewett*, 78 id. 338; *Maginnis' Case*, 52 id. 215; *Powell's Case*, 10 N. Y. Weekly Dig. 503; *Day* v. *Flushing R. R.*, 6 id. 2; *Paynton's Case*, 11 id. 177; *Cook's Case*, 1 Abb. Ct. App. Dec. 432; *Waldele's Case*, 19 Hun, 69; *Weber's Case*, 58 N. Y. 457.) Proof that plaintiff was not negligent may appear from circumstances attending the injury. (*Warner's Case*, 44 N. Y. 466; *K. P. R. R. Co.* v. *Richardson*, 12 Rep. 492; *Imp. Co.* v. *Stead*, 95 U. S. 165; *L. C. & L. R. Co.* v. *Goetz*, 12 Rep. 616; *Thomas' Case*, 12 id. 739; *Schofield's Case*, U. S. C. C., Miss., 12 Rep. 548; *Hart* v. *H. R. B. Co.*, 84 N. Y. 56.) The deceased here was not held to so strict an exercise of care and caution, because a train was coming from an opposite direction and his attention was attracted to it. (*Magrath's Case*, 32 Barb. 147; *Brown's Case.* 32 N. Y. 597; *McGovern's Case*, 67 id. 423; *Poak's Case*, 75 id. 321; *Kellogg's Case*, 78 id.) Contributory negligence is an affirmative defense, and where plaintiff's proof does not show such negligence, or there is not a total lack of proof from which the jury may determine the question, the *onus probandi* is upon the defendant to show such contributory negligence. (*Hackford's Case*, 6 Lans. 381; *Jackson's Case*, 4 Rep. 496.)

Tracy, J. On the evening of the 25th of July, 1878, the plaintiff's intestate was struck by the defendant's engine, at or near where Liberty avenue crosses its track on Van Sinderin

avenue, in East New York, and so injured that he died. This action is brought under the statute to recover the loss sustained by reason of such death.

The defendant's track is laid in the center of Van Sinderin avenue, which runs north and south, crossing Liberty avenue at right angles.

The Manhattan Beach railroad also has a track on Van Sinderin avenue, lying west of the track of the defendant.

That the intestate was struck by the defendant's engine was not disputed, but whether he was so struck at the street crossing or on Van Sinderin avenue a few feet south of Liberty avenue was sharply contested on the trial.

At the close of the evidence the defendant moved to dismiss the complaint on the grounds; first, that no negligence on the part of the defendant had been shown; second, that the plaintiff's intestate was shown to have been guilty of contributory negligence; third, that there is no evidence that the plaintiff's intestate was injured while crossing or attempting to cross the defendant's track upon Liberty avenue; fourth, that the evidence shows that the plaintiff's intestate was struck south of Liberty avenue and that the deceased was not lawfully at the place where he was struck, he being on the defendant's property where the public had no right to use it. The motion was denied, to which defendant's counsel excepted.

The evidence showed that on the evening in question, at about half-past eight o'clock, the plaintiff's intestate was seen passing along Liberty avenue from the eastward toward the defendant's track and in the direction of his home, which was a short distance west of the track, and on the street next south of Liberty avenue. The night was very dark. The defendant's train was coming from the north, on a down grade, without steam, and making but little noise.

The evidence tended to show that the engine had no headlight, that the bell was not rung, and the whistle not sounded.

When the plaintiff's intestate came near the defendant's track, a train on the Manhattan Beach railroad was approaching the crossing from the south. It had a bright headlight, its whistle was

sounded, and its bell was rung.   It was a train of many cars, and, as it was coming on an up grade, the exhaust of the engine made a great noise.   The intestate saw and heard this train, but it is quite clear that if the defendant's whistle was not blown, or its bell rung, the intestate could not have heard its train had he listened.   And if it had no headlight he could not have seen it had he looked in that direction.

The evidence also tended to show that although the two trains were on Liberty avenue at the same time, the defendant's engine was the first to reach the crossing.   One witness, who was standing on Liberty avenue west of the track, testifies that, by the aid of a lamp reflecting its light along the avenue, he saw the form of a man approaching the track who turned toward the south as he came near the track.   Then his view of the man was cut off by the defendant's train.   The whistle to stop was then sounded, the train stopped, and the trainmen got off with lanterns and went back.   The witness went to them and found the deceased lying alongside of the defendant's track, two or three feet from it, and a few feet south of Liberty avenue.

If, under these circumstances, the deceased undertook to cross in front of the Manhattan Beach train and was struck by the defendant's engine, we are of the opinion that there was sufficient evidence of negligence on the part of the defendant, and of the absence of contributory negligence on the part of the plaintiff's intestate to require the submission of these questions of fact to the jury. (*Kellogg* v. *The New York Central and Hudson River R. R. Co.*, 79 N. Y. 72.)

It is insisted, however, that the evidence conclusively shows that the deceased was struck not on the street crossing but on Van Sinderin avenue, several feet south of the crossing, and that such proof establishes the negligence of the plaintiff's intestate as a matter of law.   The place where the deceased was found does not conclusively show that the collision did not occur at the crossing.   In crossing the defendant's track from the east to the west the right side of the intestate would have been toward the defendant's engine.   But when found he had a wound on the left temple, showing, as argued by counsel on

both sides, that when struck his left side must have been toward defendant's engine.    This would tend to prove that at the instant of the collision he had reversed his position and was facing the other way.    From this the jury might well have inferred that on discovering the proximity of the defendant's train, he turned and attempted to escape by passing off the track to the east.    His line of retreat would naturally have been away from the defendant's train and this would have carried him still farther from Liberty avenue, and the tendency of the blow from the engine would have been to carry him forward in the same direction.    Whether he was struck at the street crossing, within the bounds of Liberty avenue, or a few feet south of its southerly boundary, was therefore too uncertain to permit this question to be taken from the jury.

But it is urged that, inasmuch as no witness testifies that the intestate looked to see or listened to hear if the defendant's train was approaching, it must be assumed that he did not, and that such omission was negligence on his part.    We know of no such rule.    While it is true that a traveler on approaching a railroad crossing is bound to look and listen for an approaching train, before undertaking to cross, it is only where it appears from the evidence that he might have seen, had he looked, or might have heard had he listened, that a jury is authorized to find that he did not look, and did not listen.    In the present case there was evidence tending to show that the intestate could neither have seen nor heard the train of the defendant, and that, when he undertook to cross, his attention was necessarily given to the approaching train on the Manhattan Beach road.

But, assuming that the deceased was not attempting to cross at the crossing on Liberty avenue, but was on Van Sinderin avenue when struck, it does not follow as a matter of law that this action cannot be maintained.    Sufficient evidence was given on the trial to warrant the jury in finding that this avenue was a public street.    The defendant did not show, or offer to show, that it had any right upon this street except to lay down a railroad track therein and run cars thereon.

The intestate, therefore, had a lawful right to go upon the

defendant's track on Van Sinderin avenue, and if while there he was killed by the negligent act of the defendant, and without any want of care on his part, this action can be maintained.

The testimony of the plaintiff's witnesses, if believed, was sufficient to charge the defendant with negligence in the management of its train on the night in question. It showed that the defendant ran its train along a public street in a populous neighborhood, on a dark night without a headlight, and without sounding the whistle or ringing the bell. It came on a down grade, without steam, making but little noise, and giving no sufficient warning of its approach. Had it, therefore, conclusively appeared that the intestate was upon Van Sinderin avenue, and not at the street crossing when struck, there was sufficient evidence of the defendant's negligence to make it the duty of the court to submit the question to the jury. "Whether in the conduct and management of the train the defendant omitted any act in and upon the train which prudence and proper regard for the rights of others required, having reference to the time, circumstances and manner in which the train was moved, is a question for the jury. It is not enough in all cases, to absolve a railroad company from the charge of negligence, that the statutory signals are given. Circumstances may be such as to require other precautions in the running of a train, or in the use and occupation of the tracks. There may be negligence which will charge a company other than the omission to sound the whistle or ring the bell. A railroad company must so operate its trains, and use and occupy its railway in the enjoyment of the right of way which it has in common with the ordinary traveler, as not to injure others in the exercise of their right of way, provided the latter are guilty of no want of care on their part. Juries may, and must say whether a railroad company, sought to be charged for alleged negligence, has, in the operation of its trains, the use of its railroad tracks and the conduct of its business used that degree of care and prudence which the circumstances and its obligations to the public require." (*Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 458, and cases cited.) We are of opinion, there-

fore, that upon the whole case the motion to dismiss the complaint was properly denied.

Other questions arise upon the charge of the court, and upon its refusal to charge as requested, which will now be considered. The court charged the jury among other things as follows: " For the purposes of this case I charge you that this (Liberty avenue) was such a public street as required this railroad company, as matter of law, either to blow a whistle or ring a bell from the time it turned the corner of Atlantic avenue till after it reached Liberty avenue, so that, if you shall find that they failed to ring the bell or blow the whistle up to the point where the tender or engine reached Liberty avenue, and he was struck at that point, that is negligence. They must do one or the other, and do it continuously, or for a sufficient time to give warning to anybody attempting to cross there, from the time they turned the corner where the train came in sight till after the locomotive had reached or started to cross Liberty avenue." To this portion of the charge there is a general exception.

It will be observed that the charge excepted to contains two distinct propositions. The court first charges that Liberty avenue was such a public street as requires this railroad company either to ring a bell or blow a whistle on approaching the crossing. It then charges that the company must do one or the other, and do it continuously to give sufficient warning to any one attempting to cross. We do not understand the learned counsel for defendant to insist on this appeal that that part of the charge relating to the character of the street is erroneous, on the contrary we understand him to concede that the defendant had recognized it as a public street by building a crossing at this point. His contention relates to the width of the street, and not to the fact that it is a public street. Whatever may be the width of the street, whether sixty feet or sixteen feet, we think there can be no doubt of the correctness of the judge's charge upon this point. But the defendant insists that the statute does not require the company to sound the whistle continuously, but only at intervals, and that the learned judge erred in say-

ing to the jury, "They must do one or the other, and do it continuously." It is evident that the judge was attempting to repeat the substance of the statute and not its exact language; for he says that the company must ring the bell or sound the whistle continuously, so as to give warning. This is substantially correct, and if any qualification would have been proper and was desired it should have been suggested at the time. (*Doyle* v. *N. Y. Eye and Ear Infirmary,* 80 N. Y. 634.) But even if the court erred in using the word "continuously," inasmuch as a portion of the charge to which there was a general exception is correct, the exception cannot be sustained. (See cases last cited, and *Arnold* v. *People,* 75 N. Y. 603.)

The judge also charged, "So that if you shall find from this proof that the deceased had abandoned the highway and was walking down the track of this railroad company when struck, you will determine whether the failure to give the statutory signal (if there was such failure) shall *exempt* them from liability." To this charge the defendant's counsel excepted. The judge had already charged the jury that where a person was unlawfully upon the track of a railroad company, the statutory obligation to ring the bell or blow the whistle as at a street crossing did not apply. The only duty the company owed such a person was that of ordinary care.

We do not perceive how the charge excepted to as it reads could have injured the defendant. Had the judge used the word *subject* instead of *exempt,* and thus have charged that in such a case the jury were to determine whether the failure to give the statutory signals as at a street crossing should subject the company to liability, a different question would have been presented. But the charge, as it appears to have been given, does not present this question.

At the close of the evidence, the counsel for the defendant presented to the court fifteen separate requests to charge. As to most of these the court charged substantially as requested, and then at the conclusion of the charge declined to charge except as already charged; to which refusal, as to each of said requests, the defendant's counsel then

and there excepted. It is now insisted that the judge did not charge the ninth proposition, which reads as follows: "Where a person has been killed at a railroad crossing, and there are no witnesses of the accident, to authorize a recovery against said railroad company, the circumstances must be such as to show that the deceased exercised proper care for his own safety. Where the circumstances point just as much to negligence on his part as to its absence, or point in neither direction, a recovery cannot be had against the railroad company." We have carefully read the charge, and are of the opinion that the judge did charge this proposition substantially as requested. The jury were told that, to entitle the plaintiff to recover, she must prove that the injury occurred solely through the neglect of the defendant, and that the neglect of the intestate in no way contributed to produce it; that the burden of establishing both of these issues was upon the plaintiff, and they must be established by a preponderance of evidence. The charge upon this part of the case was most favorable to the defendant.

The judge refused to charge the second, third and fourth requests. The questions raised by these requests were also involved in the motion to dismiss the complaint, and have been considered in our discussion of that motion. We think, for the reason there stated, that the court properly disposed of the questions raised by these requests to charge. But if the court erred in refusing to charge one or more of the propositions as requested, there is no sufficient exception to such refusal. It is well settled that where several requests to charge are submitted to the court, some of which are charged as requested, some charged in a modified form and others not charged, an exception taken in the form in which it appears in this case cannot be sustained. The exception must be more specific and point out the particular request to which it is intended to apply.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.