ANN CRANSTON AS ADMINISTRATRIX OF DAVID CRANSTON, DECEASED, RESPONDENT *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Negligence — a person crossing a railroad track is bound to look only when to do so would benefit him — what instruction to the jury as to their duty to agree is allowable.*

Upon the trial of this action, brought to recover damages for the negligent killing of the plaintiff's intestate while crossing the defendant's tracks, the defendant's counsel excepted to so much of the charge as stated that the deceased "was not bound to look, when looking or gazing would only show him the small amount of seventy feet of the track." To this the court remarked: "I will say he was not bound, as matter of law, to look, unless you find that by looking he could have seen the train or heard it or known of its approach."
*Held,* no error.

After the jury had been out for a time they returned into court, when one of them stated that there was no probable chance of their coming to an agreement. The court thereupon said: "I can't take any such statement as that, gentlemen; you must get together upon a matter of this kind. No juror ought to remain entirely firm in his own conviction, one way or the other, until he has made up his mind beyond all question that he is necessarily right and the others necessarily wrong."
*Held,* no error.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Rensselaer Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Edgar L. Fursman*, for the appellant.

*R. A. & F. J. Parmenter*, for the respondent.

BOCKES, J. :

We do not think the case was so clearly and indubitably with the defendant on the proof that it could have been taken from the jury. There was evidence which required consideration by the jury in order to determine the real truth of the case, and from which deductions and inferences might be made favorable or unfavorable to the right of action accordingly as it should be credited and given weight, and this both as to the question of the defendant's negligence and that of contributory negligence on the part of the deceased. There was evidence given as to the manner in which the train was run as it approached the crossing where the accident occurred, and as to the giving or omission to give the usual and proper signals ; also, as to the location of the crossing and its physical surroundings, whether in any respect peculiar as was and is claimed, or otherwise ; also, the way in which the deceased approached and entered upon it, whether he had the usual opportunity for observation because of obstructions to his view ; also, as to his omission to make needful and proper observation, or any observation, and, generally, proof bearing upon his duty as to the exercise by him of due caution and proper action in the emergency in which he found himself placed. Evidence was given bearing on all these subjects, not absolutely conclusive of them either one way or the other, but which, in order to determine the truth of the matter, required to be collated and weighed, and from which different inferences from different persons of average ability and experience might be legitimately drawn. In this condition of the case it was for the jury on all the evidence (*Card* v. *The Manhattan R. R. Co.*, 22 Weekly Dig., 321, and cases there cited) ; hence the motion for nonsuit was rightfully denied.

No error is now urged on the appeal on rulings as to the admission or rejection of evidence ; but some portions of the charge of the learned judge are criticised and challenged for error, which we will now consider. The entire charge is laid before us in the appeal book, and it may be here observed that it seems clear, full and distinct upon the facts and the law, and in a general sense entirely right. At the close of the charge the defendant's counsel entered some exceptions, and among them to whatever was said by the court to the effect (as stated by the counsel) that the deceased

" was not bound to look when looking or gazing would only show him the small amount of twenty feet of the track." Whereupon the court remarked: " I will say he was not bound as matter of law to look, unless you find that by looking he could have seen the train or heard it, or known of its approach." To this remark and ruling the defendant's counsel entered exception, and now bases an allegation of error thereon. In this ruling we think there was no error. It was but saying to the jury that the deceased was not bound to do an idle, futile act in order to avoid a charge of negligence. How could he be negligent in omitting to do that which, if done, would be of no avail. The ruling seems in entire consonance with what was held in *Smedis* v. *Brooklyn and R. B. R. R. Co.* (88 N. Y., 13). Judge TRACY, in that case, says: " While it is true that a traveler on approaching a railroad crossing is bound to look and listen for an approaching train before undertaking to cross, it is only where it appears from the evidence that he might have seen had he looked, or might have heard had he listened, that a jury is authorized to find that he did not look and did not listen." The learned judge was, therefore, well authorized to hold, as he did, that the deceased was not bound as matter of law, in order to avoid the charge of negligence, to look unless he could have seen the train, or heard or known of its approach, had he done so.

After the jury had been out for a time they returned into court when one of them stated that there was no probable chance of their coming to an agreement. The court thereupon said: " I cannot take any such statement as that. Gentlemen, you must get together upon a matter of this kind. No juror ought to remain entirely firm in his own conviction one way or the other until he has made up his mind beyond all question that he is necessarily right and the others necessarily wrong." An exception was entered to these remarks. We see nothing in them exceptionable, certainly nothing subject to just exception as matter of law. It was for the court to determine, in the exercise of a fair discretion, how long he would keep the jury out before discharging them because of disagreement. The purport of the remarks to the jury was that they ought to come to an agreement, and that a juror should not be absolutely firm in his conclusion until he found himself necessarily right; that is, right

as a matter of conscience and judgment. There was nothing in what was said amounting to undue coercion, or indeed to any coercion. It was in effect but saying I cannot now accept your statement that you cannot agree, try again. They did try again and came to an agreement. The case is quite unlike *Green* v. *Telfair* (11 How., 260). There the jury was sent back under a threat of inconvenience and discomfort to themselves unless they should speedily agree upon a verdict. The case of *Slater* v. *Mead* (53 How., 57) was much like *Green* v. *Telfair*. The decision in this latter case was criticised and not followed in *Erwin* v. *Hamilton* (50 How., 32). We are of the opinion that there exists no just cause of complaint, because of what the learned judge said and did with the view of obtaining an agreement by the jury. In what he said and did there was no unjust animadversion upon the conduct of the jury, nor any threat or coercion ; none certainly of a character calculated to disturb the jury in the further fair consideration of the case.

In conclusion we are of the opinion that the judgment and order appealed from should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment and order affirmed, with costs.