REPLEVIN—JURISDICTION OF JUSTICE OF THE PEACE.
   Under Code Civil Proc. N. Y. § 2933, providing that "where the summons [in re-plevin in a justice's court] has been personally served upon the defendant, or where he appears, the justice must proceed to hear and determine the action, although the plaintiff has not required the chattel to be replevied," a justice has jurisdiction of an action to recover a chattel, though there has been no requisition.

Appeal from Richmond county court.

Action by Cornelius D. Guyon and Walter S. Guyon for the recovery of a horse, and damages for detention, commenced before a justice of the peace. The return shows no requisition in the justice's court, or return thereof. The summons was personally served. On the return of the summons the plaintiffs made a formal written complaint by their attorney, setting forth their ownership of the horse, the wrongful taking and detention thereof, its value, and $100 damages, and asked for judgment for the delivery of the property, and for the recovery of the damages, with costs. Defendant appeared, and interposed an answer to the merits, and pleaded the want of a re-turn to the requisition by the constable, predicating thereon an objection to the jurisdiction of the justice. Thereupon the justice tried the case on the merits, and entered a judgment in plaintiffs' favor for the delivery of the horse, and for $50 damages, with $3.15 costs. Defendant appealed to the county court, and demanded a new trial. On the new trial before the county court, defendant moved to dismiss the action for the alleged want of jurisdiction, and the court granted his motion, and, without further proceedings, entered judgment reversing the justice's judgment, and dismissed the action, with $74.14 costs. From this judgment plaintiffs appeal. For former re-port, see 6 N. Y. Supp. 99.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Powers,* for appellants.     *William M. Mullen,* for respondent.

PRATT, J.   This case came before us at the May general term, but the papers were not properly certified. so that a decision could be properly ren-dered.   We, however, expressed our views upon the merits of certain ques-tions, which must, if adhered to, determine this appeal.   We see no reason to change the views expressed at that general term, which lead to a reversal of the judgment, and sending the case back for trial in the county court upon the merits, under section 3068, Code Civil Proc., as stated in the opinion re-ferred to.   Judgment reversed, on opinion written at May term.   All concur.

---

## RODRIAN *v.* NEW YORK, N. H. & H. R. Co.

*(Supreme Court, General Term, Second Department.* December 10, 1889.)

1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—PROVINCE OF JURY.
   In an action against a railroad company for the negligent killing of plaintiff's in-testate, there was evidence that deceased was walking slowly along a rough road, towards the crossing; that at the time there was the noise of another train to at-tract her attention; that the view in the direction from which the train that struck her was approaching was obstructed; that defendant neither rang the bell nor blew the whistle until within about 50 feet of the crossing; that the train was an ex-press, and behind time, and was running about 30 miles an hour. There was no evidence that deceased looked both ways before crossing the track. *Held,* that the questions of negligence and contributory negligence were properly submitted to the jury.

2. SAME—DISCONTINUANCE OF ROAD—SIGNALS.
   The fact that the street crossing defendant's tracks had been discontinued by the commissioners of highways on condition that defendant should open another road did not relieve defendant from the statutory duty of giving warning on the approach of trains. so long as the new road was not prepared for travel.

Appeal from circuit court, Westchester county.

Action by Charles A. T. Rodrian, as administrator of Catherine Rodrian, deceased, against the New York, New Haven & Hartford Railroad Company, for damages for the negligent killing of plaintiff's intestate. There was a verdict for plaintiff for $5,000, and judgment was entered thereon. Defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Page & Taft, (Henry W. Taft,* of counsel,) for appellant. *Arthur T. Hoffman,* for respondent.

PRATT, J. The most doubtful question in this case is whether or not the case ought to have been dismissed for a failure of sufficient evidence that the deceased exercised due care before attempting to cross the railroad. The rules of law are too familiar and well settled to require any but the briefest statement here. The law required the deceased to use all the care that a prudent person conscious of the danger to be apprehended would ordinarily exercise. This rule requires a vigilant use of the eyes and ears in looking and listening for approaching trains. But there is another rule in reference to the question of contributory negligence which we think this case fairly falls within, to-wit, where there is any evidence, direct or inferential, of care and caution on the part of the person injured it becomes a question of fact for a jury to determine. The deceased was walking slowly, picking her way along over a very rough course. There was the noise of a gravel train to attract her attention, and in the direction from which the train that struck her was approaching there were various obstructions to cut off her view. Considering all circumstances, we think the inference might be drawn that the deceased was exercising due care. She was in the prime of life, and well acquainted with the locality, and of the danger to be apprehended in crossing the railroad. She was approaching it deliberately and carefully, and, we must assume, possessed the ordinary instinct of self-preservation and fear of injury. The omission of defendant to ring the bell or below the whistle, as required by law, was an assurance of safety, and has an important bearing upon the conduct of the plaintiff, and must be material in estimating the amount of care the deceased should have observed. It is urged in this case, as it was in the case of *Smedis* v. *Railroad Co.,* 88 N. Y. 13, that inasmuch as no witness testifies that the deceased looked both ways for an approaching train it must be assumed that she did not, and that such omission was negligence on her part. It was held in that case that this rule only applied in cases where, if a party had looked or listened, he might have seen or heard the approaching train. In this case there is abundant proof of obstructions in the direction from which the train was coming; and considering the passing of the gravel train, and the absence of any sound of the bell or whistle, the deceased might well be likely to fail to hear the coming train, even had she listened. We think it was a question for the jury to determine whether the intestate exercised proper care, under all the circumstances of the case. There was sufficient proof of the defendant's negligence to warrant the submission of that question to the jury.

We are of opinion that the fact that Grade street had been discontinued by resolution of the commissioners of highways, but not practically closed, did not relieve the defendant from the statutory duty of giving warning upon the approach of trains at this crossing. The discontinuance was conditional upon the defendant's opening another road and preparing it for travel. Until this was done, Grade street was to be used as a public street. There was no error in the charge of the judge; in fact, it was quite as favorable to the defendant as the facts warranted. Judgment affirmed, with costs. All concur.