LOUIS M. LUCIA, Appellant, v. LOUIS OMEL, Respondent.

*Hotelkeeper — liability of, for money stolen from a guest's room — effect of the guest having occupied it with a disreputable woman.*

A hotelkeeper is liable to one who, having taken his money to a room in the hotel, which he occupies with a disreputable woman, afterwards, when she has gone, comes down stairs and asks the clerk to keep his money, and upon the refusal of the clerk to do so, returns with it to his room, from which it is stolen during his subsequent occupation.

APPEAL by the plaintiff, Louis M. Lucia, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, fourth district, in favor of the defendant, rendered on the 9th day of September, 1899, dismissing the plaintiff's complaint.

*Herman H. Baker*, for the appellant.

*Owen F. Finnerty*, for the respondent.

CULLEN, J.:

The action was brought to recover an amount of money stolen from the plaintiff while a guest in the defendant's hotel at Coney Island. Judgment was rendered on September ninth, and the appeal perfected on October second. The appeal was taken in time. Ordinarily the last day on which to appeal would have been September twenty-ninth, but that day and the following were made days of general thanksgiving and public holidays by proclamation of the Governor. The first day of October was Sunday. The existence of these two holidays and of Sunday extended the appellant's time until the Monday following, October second.

From the evidence of the plaintiff and his companions it appeared that, at about eleven o'clock in the evening, he hired a room in defendant's hotel and took a strumpet with him there for the purposes of consort. After remaining there some time the woman appears to have absconded with some of the plaintiff's money. Thereupon he went downstairs and asked the clerk or bartender to keep the remainder of his money, some $200, which the clerk refused. Then the plaintiff returned to his room by himself, went to sleep, and while so occupying his bedroom his money was stolen. No evidence was given for the defendant, and the decision of the justice was made, not on the questions of fact, but as a nonsuit.

We think that the story of the plaintiff, if credited, entitled him to recovery. An innkeeper is liable for the loss of the goods of his guest, unless the loss is caused by the act of God, by the common enemy, or by the neglect or default of the guest. (Edwards on Bailments, § 462.) That the plaintiff was a guest in the defendant's hotel cannot be denied, unless his taking the strumpet to his room deprived him of his rights as a guest. In *Curtis* v. *Murphy* (63 Wis. 4) it was held that where a man took a woman to a hotel for the purpose of prostitution he did not thereby acquire the rights of a guest. Assuming this decision to be correct, it is not a bar to the plaintiff's rights in this case. If he had been robbed while occupying his room with the strumpet, the decision cited would apply. If he had been robbed by the strumpet with whom he associated, we would be entirely clear that his loss would be the result of his own negligence and misconduct, and thus preclude a recovery against the landlord within the general rule, even apart from the authority of the Wisconsin case. But the misconduct and immorality of the plaintiff had ceased before he met with his loss. We cannot see how that previous immorality affected his subsequent status as a guest in the hotel.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered.