BARBARA BROZEK, as Administratrix of ALOIS BROZEK, Deceased, Respondent, v. STEINWAY RAILWAY COMPANY, of Long Island City, Appellant.

1. PRACTICE — GENERAL EXCEPTION.  A single and general exception taken to several dissimilar rulings is not specific enough to answer any purpose, because it does not point out any particular error.

2. GENERAL EXCEPTION.  Where a part of what the trial court said upon a certain subject is correct and a part incorrect, a general exception to all that it said cannot be sustained.

3. INSUFFICIENT EXCEPTION TO CHARGE — NO QUESTION RAISED FOR REVIEW.  Where the trial court, on being requested to charge a proposition as one of law, without expressly refusing does not so charge, but submits the proposition to the jury as a question of fact for them to pass upon, and then lays down a rule of law adapted to the conclusion that they should reach upon the question so submitted to them, a general exception raises no question and does not entitle the exceptor to insist on appeal that the court erred in not charging as requested or in submitting the question to the jury as one of fact, the proposition of law actually charged not being challenged.

*Brozek* v. *Steinway Ry. Co.*, 23 App. Div. 623, affirmed.

(Submitted October 26, 1899; decided November 21, 1899.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 10, 1897, unanimously affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for the alleged negligence of the defendant in running its trolley car against a wagon in which the plaintiff's intestate was seated, throwing him out and inflicting injuries which resulted in his death.

*William E. Stewart* for appellant.  The place where Brozek turned on the track not being a street crossing he was bound to make his intention to cross manifest, and not doing so, and not looking in a direction to see the on-coming car until he was on the track, he was guilty of contributory negligence as matter of law.  (*Kuhnen* v. *U. Ry. Co.*, 10 App. Div. 195;

*Harris* v. *C. Ice Co.,* 153 Penn. St. 278; *Weiss* v. *M. S. Ry. Co.,* 33 App. Div. 221.)

*F. W. Catlin* for respondent. The question whether the deceased was guilty of contributory negligence as matter of law, is not an open one in this court. It is not presented by any exception. There was no motion for a nonsuit on any such ground, nor any exception to the charge on this subject. The unanimous affirmance by the Appellate Division was a decision that there was sufficient evidence of decedent's freedom from contributory negligence and of defendant's negligence to go the jury. This court cannot, of course, review that decision. (Code Civ. Pro. § 191; *Szuchy* v. *H. C. & I. Co.,* 150 N. Y. 220; *People ex rel.* v. *Barker,* 152 N. Y. 417.) The exception to the portion of the charge relating to street crossings does not raise any question as to the law on that subject. It is not a specific exception, and is invalid for any purpose. (*McGinley* v. *U. S. L. Ins. Co.,* 77 N. Y. 495; *Wells* v. *Higgins,* 132 N. Y. 459; *Curry* v. *R. Ry. Co.,* 90 Hun, 230; *Ayres* v. *D., L. & W. R. R. Co.,* 158 N. Y. 254; *Groat* v. *Gile,* 51 N. Y. 431; *Adams* v. *Irving N. Bank,* 116 N. Y. 606; *Hart* v. *R. & S. R. R. Co.,* 8 N. Y. 37; *Chipman* v. *Palmer,* 9 Hun, 517.)

*Per Curiam.* Upon the trial of this action the court was requested by the attorney for the defendant to charge a certain proposition as one of law. Without expressly refusing, it did not so charge, but submitted the proposition to the jury as a question of fact for them to pass upon, and then laid down a rule of law adapted to the conclusion that they should reach upon the question so submitted to them. The defendant's attorney excepted generally, without specifying whether the exception was intended to apply to the failure to charge as requested, to the submission of the question to the jury as one of fact, or to the rule of law laid down to guide them as they found the one way or the other. There was a verdict for the plaintiff and the defendant now insists that the court erred in

not charging as requested and in submitting the question to the jury as one of fact, but does not challenge the proposition of law actually charged.

We think that the appellant raised no question by his exception, because it was impossible for the trial court to tell what it was aimed at.   When a request is refused, either expressly or impliedly, and a modified or independent proposition is charged instead, correct practice requires the party who considers himself aggrieved to except to the refusal to charge as requested, and, by an independent exception, to the charge as made.   In this way only can he protect himself against the entire action of the court upon the request presented.   A general exception gives no adequate warning to the court, so that it can reconsider its action, or to the opposing counsel, so that he can request a reversal of the ruling.   (*Sterrett* v. *Third National Bank*, 122 N. Y. 659, 662.)   An exception should point clearly to a single ruling or proposition of law. As was said by this court in *McGinley* v. *U. S. Life Ins. Co.* (77 N. Y. 495, 497), " the counsel making the exception should put his finger on the proposition clearly and distinctly, beyond any question, and employ language entirely plain, so that there can be no doubt as to the real character of the exception, or as to what was actually intended."

A single and general exception taken to several dissimilar rulings is not specific enough to answer the purpose, because it does not point out any particular error.   (*Smedis* v. *Brooklyn, etc., R. R. Co.*, 88 N. Y. 13, 23.)

Moreover, as in the case before us, where a part of what the court said upon a certain subject is correct and a part incorrect, a general exception to all that it said cannot be sustained.   (*Wells* v. *Higgins*, 132 N. Y. 459, 464; *Adams* v. *Irving National Bank*, 116 N. Y. 606.)

We are unable to review the question that the defendant desires to have decided for the want of an adequate exception, and the judgment appealed from must, therefore, be affirmed.

All concur.

Judgment affirmed, with costs.