## MARQUIS et al. v. WOOD.

(Supreme Court, Appellate Term. February 8, 1900.)

1. APPEAL—REVIEW—EXCEPTIONS.
   Under a general exception in the record, following the verdict of the jury, the aggrieved party is not entitled to have the action of the court, in refusing to give an instruction asked, reviewed on appeal.

2. SAME.
   The rule that errors in the instructions can be reviewed, though an exception was not taken, applies only to the general term.

Appeal from city court of New York, general term.

Action by Abraham Marquis and another against Theodore F. Wood, as treasurer of the United States Express Company, to recover

the value of goods delivered to said express company for transportation to plaintiffs, and never delivered. It appeared by the record, that after the court had charged the jury on the question of damages, leaving the amount of damages to be determined by the evidence, defendant asked the court to charge that the value of the goods had been fixed by the contract of shipment; that the court refused to so charge; and that, after the return of the verdict of the jury in favor of plaintiff, there was a general exception taken by defendant. From a judgment in favor of plaintiffs (61 N. Y. Supp. 251), defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Tracy, Boardman & Platt, for appellant.

Friend, House & Grossman, for respondents.

FREEDMAN, P. J. The record fails to show an exception sufficient within the rule laid down by the court of appeals in the recent case of Brozek v. Railway Co., 161 N. Y. 63, 55 N. E. 395, under which the appellant can urge before this court error in the charge of the trial judge upon the question relating to the measure of damages. The cases cited by the appellant to the effect that the question may be considered on appeal, irrespective of an exception, apply to the power of the general term, which in this case is the general term of the city court. The record also fails to show an exception to the admission of testimony as to the market value of the goods, which, in the form in which, and under the circumstances under which, it was taken, is tenable. The judgment should be affirmed, with costs.

Judgment of the general term of the city court affirmed, with costs. All concur.

