In the Matter of the Estate of JEREMIAH J. KENNEDY, Deceased.

Surrogate's Court, Kings County, April 26, 1934.

*Parmly, Stetson & Woodward* [*Brian Mannix* of counsel], for the executors.

*Harry M. Peyser,* for the State Tax Commission.

WINGATE, S.   This is a motion to dismiss an appeal by the State Tax Commission from the *pro forma* order of this court assessing the estate tax.   The sole ground upon which it is based is that the appeal was not perfected within the time specified in the statute for that purpose.

Section 249-x provides that any aggrieved party " may appeal * * * to the surrogate within sixty days from the fixing, assessing and determination of tax by the surrogate * * * upon filing in the office of the surrogate a written notice of appeal."

The order fixing and assessing the tax in this proceeding was made

and entered on December 13, 1933. Sixty days from that date expired on February 11, 1934. This day was a Sunday. The succeeding day, Lincoln's birthday, was a holiday (General Constr. Law, § 24.) The notice of appeal was filed on the following day, which was Tuesday, February thirteenth.

The movant recognizes the effectiveness of the provision contained in section 20 of the General Construction Law that " Sunday or a public holiday, other than a half holiday, must be excluded from the reckoning if it is the last day of any such period." He contends, however, that the disjunctive phraseology employed excludes the extension of the period for appeal by both days where a holiday follows a Sunday.

Construing section 249-x of the Tax Law and section 20 of the General Construction Law together, it is obvious that there are only three possible days on which the time to perfect the appeal could expire. These are Saturday, February tenth, which would be but fifty-nine days from the entry of the order, Monday, February twelfth, which was a holiday, or Tuesday, February thirteenth, on which this act was actually performed.

The argument placing the date on Saturday is not maintainable, for two reasons. In the first place, such a construction would give no effect whatsoever to the provisions of section 20. This statute is plain to the effect that when the final day falls on Sunday, such day is to " be excluded from the reckoning." The inevitable connotation of this direction, when considered alone, is to make the sixtieth day fall on Monday, the twelfth. There is nowhere in the statute any direction for a disregard of this enactment.

*Second,* it is a reasonable inference from the fact that the Legislature, in section 249-x of the Tax Law, granted a period of sixty days within which to perfect an appeal, that it deemed such an interval a reasonable one. It is arguable from this premise that a shorter time would be unreasonable, wherefore a construction of the composite effect of this section and of section 20 of the General Construction Law which would decrease the time to fifty-nine days, would be unjust and unreasonable. On primary principles, a construction which would cause such a result is not to be adopted unless inevitable. (*Archer* v. *Equitable Life Assur. Soc.,* 218 N. Y. 18, 25; *Matter of Meyer,* 209 id. 386, 389; *East* v. *Brooklyn Heights R. R. Co.,* 195 id. 409, 412.) These considerations eliminate February tenth from the list of possible days of expiration.

February twelfth automatically eliminates itself. The act required for the perfection of the appeal is a " filing in the office of the surrogate of a written notice." It is, however, provided in substance by section 62 of the Public Officers Law that State

and county public offices shall not be open on holidays (*Flynn* v. *Union Surety & Guaranty Co.*, 170 N. Y. 145, 147), wherefore any construction which would make the performance of an act impossible under the circumstances a condition of relief, should be avoided upon the authorities hereinbefore cited.

By elimination, therefore, it follows that the day intended by the Legislature under circumstances such as are here present must be ascertained by the exclusion of the holiday succeeding the Sunday, as well as the latter.

The same result is attainable by the application of the familiar principle that " the words ' and ' and ' or,' when used in a statute are convertible as the sense may require." (*People ex rel. Municipal Gas Co.* v. *Rice*, 138 N. Y. 151, 156.) (See, also, *Folmsbee* v. *City of Amsterdam*, 142 id. 118, 123, 124; *People ex rel. Municipal Gas Co.* v. *Public Service Commission*, 224 id. 156, 165; *People ex rel. Cohen* v. *Butler*, 125 App. Div. 384, 388; *Casella* v. *McCormick*, 180 id. 94, 95.)

Applying this principle, which obviously furnishes the correct solution, the effect of section 20 of the General Construction Law is that when the final day upon which an act is required to be done falls on a Sunday or a holiday, the day on which the act shall be performed is the next succeeding day which is neither a Sunday or a holiday. (*Lucia* v. *Omel*, 46 App. Div. 200.)

In the opinion of the court, the motion presents no merit whatsoever and is accordingly dismissed.

Proceed accordingly.