GEORGE N. RAPEE, Respondent, v. BEACON HOTEL CORPORATION, Appellant, et al., Defendants.

Argued June 12, 1944; decided July 19, 1944.

*Joseph F. Murray* and *Reginald V. Spell* for appellant. I. Plaintiff was a trespasser, not a guest. (Penal Law, § 1146; *Olin* v. *United Electric Light & Power Co.*, 82 Misc. 427; *People* v. *Stevens*, 109 N. Y. 159; *Johnson* v. *May*, 189 App. Div. 196; *Kovarik* v. *Long Island Railroad Co.*, 189 App. Div. 534; *Magar* v. *Hammond*, 183 N. Y. 387; *Birch* v. *City of New York*, 190 N. Y. 397; *Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391; *Kerr* v. *Kerr*, 134 App. Div. 141; *Miller* v. *Miller*, 212 App. Div. 114; *Curtis* v. *Murphy*, 63 Wis. 4; *Wolff* v. *Fulton Bag & Cotton Mills*, 185 App. Div. 436; *Morgan Munitions Co.* v. *Studebaker Corp.*, 180 App. Div. 530, 226 N. Y. 94.) II. Plaintiff, having obtained entry into the hotel by means of fraud and for an immoral purpose, cannot have the advantage thereof for the purpose of recovering from the defendant. (*Riggs* v. *Palmer*, 115 N. Y. 506; *Holman* v. *Johnson*, Cowp. 341; *Reiner* v. *North American Newspaper Alliance*, 259 N. Y. 250; *Gray* v. *Hook*, 4 N. Y. 449; *Haynes* v. *Rudd*, 102 N. Y. 372; *Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94; *Quast* v. *Fidelity Mutual Life Ins. Co.*, 226 N. Y. 270; *Sirkin* v. *Fourteenth Street Store*, 124 App. Div. 384; *Gibbs & Sterrett Mfg. Co.* v. *Brucker*, 111 U. S. 597; *Roberts* v. *Criss*, 266 F. 296.) III. Plaintiff was guilty of contributory negligence. IV. There is no evidence of negligence. V. The court erred in refusing to charge the jury that they would have to find that there was notice.

*Benjamin H. Siff* and *Bernard Reich* for respondent. I. The jury's finding that there was negligent maintenance of the elevator door was fully justified. II. The issue of contributory negligence was one of fact and was properly determined by the jury. III. Plaintiff was a guest to whom the defendant owed the duty of reasonable care in the maintenance of its elevators. (*Tomko* v. *Feldman,* 124 Pa. Super. 429; *Hart* v. *N. Y. C. & H. R. R. R. Co.,* 205 N. Y. 317; *Kenny* v. *Union Railway Co.,* 166 App. Div. 497; *Lupher* v. *A. T. & S. F. R. R. Co.,* 81 Kans. 585; *Lucia* v. *Omel,* 46 App. Div. 200.) IV. There was no error in the court's refusal to charge as requested.

LOUGHRAN, J. Plaintiff and his fiancee registered at the defendant's hotel as husband and wife under an assumed name and then went out for the evening. On their return at an early hour the next morning, there was no response to his repeated ringing of the elevator bell at the ground floor, because the elevators were not operated below the mezzanine at that time of day. Eventually the plaintiff leaned against the shaft door of an elevator to listen more closely for what seemed to be the sound of an approaching car. His weight caused the door to slide open and he fell into a pit below. A judgment for his damages has been affirmed and is now challenged by the defendant in this court.

In his charge the Trial Judge said to the jury: "It was the duty of the defendant to see that the elevator doors were properly closed. The gates or doors leading to the shafts of the elevator were required to be locked or bolted or securely fastened on the shaft side, that is, from the inside. * * * The duty which I have charged you the law imposes upon the defendant in the maintenance and operation of passenger elevators is not diminished by the fact that the plaintiff may have intended to occupy a room with a female not his wife or that he imposed upon the hotel authorities by misrepresenting some person to be his wife, or by making use of an assumed name. I charge you that for the purposes of your consideration of this case the plaintiff was a guest of the hotel and that the obligation of due care as I have charged it to you was applicable to this plaintiff in the same manner as to other guests and to other persons lawfully on the premises." To these instructions

counsel for the defendant took the following exception: "I respectfully except to that part of your Honor's charge in which you stated that the plaintiff was a guest of the hotel and the same duty which was owing to any guest of the hotel was due and owing to him."

On the strength of this exception, the defendant argues that the plaintiff's fraudulent misrepresentation of his personality made him a trespasser on the hotel premises. We cannot assent to that argument. The misstatement of their names and status by the plaintiff and his companion certainly did not prove that the defendant's one and only purpose in their case was to treat with other particular individuals who were not present at the time. Foremost on the defendant's part was an intention to contract with the man and the woman who had put signatures on the register and, that being so, the plaintiff became a guest of the hotel, though the defendant may perhaps have been deceived as to his identity. (See *Phelps* v. *McQuade*, 220 N. Y. 232.)

Whether the plaintiff's trickery was nevertheless enough to disable him from maintaining this action was an additional question. (See Beale on Innkeepers and Hotels, § 136.) The defendant insists there was error in the negative answer that was given thereto in the passage we have quoted from the charge of the Trial Judge. (Cf. *Lucia* v. *Omel*, 46 App. Div. 200.) But so much of that excerpt as asserted the plaintiff's position as a guest was sound, — or so we have said; and a general exception to an instruction that is correct in part cannot be sustained. (*Wells* v. *Higgins*, 132 N. Y. 459, 464; *Brozek* v. *Steinway Railway Company*, 161 N. Y. 63, 65.) For that reason, the defendant's exception to the charge is of no avail at this point. The defendant did not in its answer set up the plaintiff's imposture as a defense. (See Civ. Prac. Act, § 242.) More than that, the motion for dismissal of the complaint made by the defendant at the close of the case did not mention that matter at all. Thus there is no formal warrant in this record for the defendant's demand that the plaintiff forfeit his recovery for his misconduct.

The defendant invokes the statute against keeping houses of ill-fame. (Penal Law, § 1146.) The provisions thereof have not

persuaded us that we should dismiss this complaint on some theory of public policy. (*See Glaser* v. *Glaser,* 276 N. Y. 296, 299; *Patton* v. *United States,* 281 U. S. 276, 306; 27 Halsbury's Laws of England [1st ed.], p. 525, note h. Cf. *Flegenheimer* v. *Brogan,* 284 N. Y. 268.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., RIPPEY, LEWIS CONWAY, DESMOND and THACHER, JJ., concur.

Judgment affirmed.