BARONE RAFFAELO DE BANFIELD, Plaintiff, *v.* HILTON HOTELS CORPORATION, Defendant.

City Court of the City of New York, Trial Term, New York County, June 15, 1962.

*Arthur E. Garmaize* for plaintiff. *John H. Sherry* and *John F. Gilligan* for defendant.

JOHN C. LEONFORTE, J. This action was tried before the court without a jury. Findings of fact and conclusions of law have been waived.

It appears that while plaintiff was a guest of defendant's hotel and while he was away from his hotel room on April 22, 1959, someone unknown to the parties gained access therein and removed all of his belongings, valued by plaintiff at about $3,500.

It is plaintiff's contention that, by reason of the fault, negligence and carelessness of the defendant, the property of plaintiff totally disappeared and was lost to plaintiff without any fault or negligence on his part and that plaintiff was thereby damaged in said sum of $3,500.

The defendant denies its liability to the plaintiff and maintains that plaintiff invited Mr. Lyon, a stranger, to his hotel room; that plaintiff left this person alone in the room while plaintiff was dressing himself in a closet and that when plaintiff emerged from the closet he saw the said person bent over and looking at the lock on the door, and that plaintiff was therefore contributorily negligent in failing to report the said incident to the defendant. Defendant also claims that, in any event, even if plaintiff was not contributorily negligent, its liability under section 201 of the General Business Law is limited to $500.

After giving all of the evidence, including the exhibits, due and careful consideration, the court is of the opinion that the plaintiff was not guilty of contributory negligence in inviting Mr. Lyon to his hotel room. At the outset, even assuming the defendant's contention that Mr. Lyon was looking at the lock at the time plaintiff left him alone in the room, it certainly taxes one's credulity to believe that one can fashion a key to fit a lock merely by looking at the lock. Furthermore, no competent testimony was adduced to show that after Lyon left plaintiff's room he returned thereto. In any event, even if Lyon had been the miscreant who stole plaintiff's belongings, any misconduct on the part of plaintiff, in inviting a stranger to his room, had ceased before he met with his loss, and under such circumstances, plaintiff's rights and status as a guest in the hotel cannot thereby be affected. (*Rapee* v. *Beacon Hotel Corp.*, 293 N. Y. 196; *Lucia* v. *Omel*, 46 App. Div. 200; *Curtis* v. *Murphy*, 63 Wis. 4.)

As to the amount of plaintiff's recovery in this case, he is bound by the provisions of section 201 of the General Business Law, which provides in part as follows: "No hotel or motel keeper except as provided in the foregoing section shall be liable for damage to or loss of wearing apparel or other personal property in the lobby, hallways or in the room or rooms assigned to a guest for any sum exceeding the sum of five hundred dollars, unless it shall appear that such loss occurred through the fault or negligence of such keeper".

It is obvious after reading the above statute that the burden of proof is upon plaintiff to show defendant's negligence and that before any recovery can be made in an amount over $500 the negligence of the defendant must be established by plaintiff.

It is plaintiff's contention that defendant's negligence has been satisfactorily shown by either or both of two factors which could have resulted in plaintiff's loss. First, plaintiff showed the possibility that a nonguest could obtain a key to a guest's room merely by going to the desk clerk and by posing as the guest, thus obtain the key. Secondly, plaintiff claimed that his hotel room was easily accessible to strangers and other guests since a balcony adjacent to plaintiff's room and upon which a window of plaintiff's room and those of 12 other adjacent rooms opened gave strangers and other guests the opportunity of entering plaintiff's room. Accordingly, plaintiff contends that the maintenance of the balcony under such conditions constituted negligence on defendant's part sufficient to warrant a recovery for the entire loss sustained by plaintiff.

It is to be noted that neither plaintiff nor defendant testified as to how the alleged loss occurred. Therefore, assuming but not conceding that a nonguest could possibly obtain a key to plaintiff's room by posing as plaintiff, no evidence was submitted at the trial to show that Lyon or any other person did in fact obtain a key to plaintiff's room with the resulting loss. Nor was there any evidence to show that plaintiff's room was entered by way of the balcony. In fact, in the absence of proof of tampering with the window, if the court was of the opinion that the plaintiff's loss was occasioned because plaintiff's window was easily accessible from the balcony adjacent thereto, under such circumstances plaintiff's entire complaint would have to be dismissed because of the plaintiff's own contributory negligence in failing to close the window with the catch lock thereon contained.

Accordingly, the court finds that plaintiff has failed to sustain the burden required of him under section 201 of the General

Business Law and that he is therefore bound by the limitation of $500 provided thereunder. Judgment is therefore rendered in favor of the plaintiff and against the defendant in the sum of $500, with interest from April 24, 1959.