## Robert Carter v. Henry Hobbs.

*Liability of an innkeeper: What is a "guest."*— In order to make one liable as inn-keeper at the common law, for goods lost at his inn, it must appear that he was acting in the capacity of inn-keeper on the occasion when the goods were received, and that the owner was his guest: in other words, that the latter visited the inn for purposes which the common law recognizes as the purposes for which inns are kept.

A ball was given by a fire company at the inn of defendant, the defendant furnishing dancing room, supper, and dressing room, and being paid therefor by the company, at the rate of one dollar for each supper ticket. The ball tickets were sold by the fire company, at two dollars each, and these were taken up at the door of the dancing room, by a person employed by the fire company, and supper tickets given in their stead. The plaintiff, who was a guest at another inn of the town, went to the ball, purchased a ticket therefor

CARTER v. HOBBS.

at the baggage room, delivered his overcoat, fur collar and gloves, at the office of the hotel, to the clerk, and registered his name, and remained at the ball until it broke up in the morning, when, on calling for his overcoat, collar and gloves, [they could not be found. During the night, the plaintiff had spent some money, for liquors and cigars, at a saloon kept by the defendant in connection with the hotel. It was held that these facts did not show the relation of inn-keeper and guest to exist between the defendant and the plaintiff; that the former did not receive the goods in his capacity as inn-keeper, but merely as an ordinary bailee.

*Heard October 16th. Decided November 10th.*

Case made after judgment, from Saginaw Circuit.

The action was originally commenced before a justice of the peace, and plaintiff declared, "for that whereas, the plaintiff became and was a proper guest at the inn of the defendant, kept in the city of East Saginaw, Saginaw county, on the 21st day of February, 1862, and this plaintiff deposited with defendant, as inn-keeper, his, plaintiff's, overcoat, and a pair of gloves and a fur collar, all of the value of $25; that when plaintiff saw fit to leave he called for his said coat, gloves and collar, and the defendant did not then nor has he since delivered said goods to the plaintiff, although often requested so to do. The plaintiff asks of the court a judgment for the recovery of the value of said goods as above enumerated."

The case having been removed to the Circuit Court by appeal, evidence was there given upon which the Court rendered judgment for the plaintiff. The facts shown by the evidence are set forth in the opinion.

*Sutherland & Miller*, for plaintiff, argued that, even if the plaintiff did not become the guest of defendant, the latter would be liable for not returning the goods, unless they were lost without his fault. But the plaintiff did become his guest, in a legal sense, so that he is responsible for the goods, unless they were lost by the act of God, the public enemies, or by the act of the plaintiff: — *Edw. on Bailm.* 402–7; 9 *Pick.* 280; 5 *Barb.* 564; 5 *Blackf.* 323; 14 *Johns.* 175; 9 *Wend.* 114; 3 *Hill,* 488; 1 *A. & E.* 522; 5 *Q. B.* 164; 8 *Wend.* 547; *Story on Bailm.* § 470.

*W. L. Webber*, for defendant:

The extraordinary liability of the inn-keeper does not exist except as to those who are the guests of the house:— *Edw. on Bailm.* 394–412; 8 *Blackf.* 537; 3 *Hill*, 488. Plaintiff was not such a guest. See definitions, "Guest," *Webster, New Am. Cyc., Bouv. Law Dic.*; "Inn," *Bac. Abr. Inns, B.; Calye's case*, 8 *Coke*, 32, and note in 1 *Smith Lead. Cas.; 7 Cush.* 417; 3 *Hill*, 488; *Story on Bailm.* § 477; *Bateman's Merc. Law*, 453-9. Plaintiff did not visit either the house or the saloon for the purpose for which *inns* were instituted. He went not as a traveller, nor as one seeking rest and lodgings, but for amusement, and merely because the party happened to be at that house. Had it been at a public hall, unconnected with a hotel, he would hardly have claimed the extraordinary liability of an inn-keeper to exist. Defendant had nothing to do with the individuals who attended the party; he did not look to them for pay, and could have no lien therefor upon goods deposited by them with him.

CHRISTIANCY J.:

The plaintiff seeks to recover for the loss of his property, solely upon the ground of the defendant's liability as inn-keeper; and his declaration will not warrant a recovery on the liability of an ordinary bailee. The facts of the case, so far as they are material to the question, are undisputed, and are substantially these: The defendant was the keeper of an inn or hotel, in East Saginaw, known as the Bancroft House. The plaintiff, though not a resident of the place, was at the time a guest at another inn, across the street, known as the Exchange Hotel, where he lodged and took his meals.

There was a firemen's ball at the defendant's hotel on the night in question, which the plaintiff attended. The arrangement for the ball between the fire company and the

defendant was, that defendant was to furnish dancing room, supper and dressing rooms, and was to be paid by the company, one dollar for each supper ticket. The tickets for admission to the ball were sold by a committee of the fire company at different places (part of them being sold at the door of the baggage room of the hotel, where the plaintiff purchased his). The price of these tickets was two dollars each. The reception committee was appointed by the fire company. At the door of the dancing hall, the ball tickets were taken up, and supper tickets given in their stead, by a man employed by the company.

The plaintiff, on going to the ball, delivered his overcoat, fur collar and gloves, at the office of the hotel, to the son of the defendant, who was clerk, and also registered his name. During the night, he spent money for liquor and cigars at a saloon kept in connection with the hotel, the defendant being proprietor of both, and the articles being sold by his servants. The saloon was on the ground floor, had a front entrance from the street, and a door at the rear opening into the hall of the hotel, and separated from the office by a hall leading to the dining room and the guest's washing room. Plaintiff remained at the party (ball) till it broke up, about five or six o'clock in the morning. Upon calling for his coat, collar and gloves, the defendant and his son looked for them, and they were not to be found.

Upon these facts, was the defendant liable as inn-keeper at common law? This is the only question in the case.

The common law liability of an inn-keeper, for the loss of the goods of his guest, is special and peculiar; depending (like that of common carriers) upon peculiar grounds of public policy, somewhat analogous to those which rendered the hundred liable for robberies : —*Smith's Lead. Cas.* (*ed.* 1852) 265 ; *Story on Bail.* §§ 464, 471 : and while ordinary bailees are held responsible only on proof of loss arising from some fault on their part, such as neg-

ligence or want of diligence, the inn-keeper is held liable without proof of any negligence or fault; and, except in special cases, can not discharge himself by showing that the loss occurred without his fault or that of those in his employ.

But to hold the defendant liable as inn-keeper, it must appear not only that the defendant kept an inn, and that the goods were lost there, but that he was acting in the capacity of inn-keeper on the occasion when the goods were received, and that the plaintiff was his guest; or, in other words, that the plaintiff visited the inn for purposes which the common law recognizes as the purposes for which inns are kept.

By the original writ, specially framed for enforcing the liability of inn-keepers, as well as by the cases generally, an inn would seem to be a house kept for the accommodation and entertainment of travellers and wayfaring men, and not for those residing in the same neighborhood, who may visit, or others who may remain at the house for some special purpose not connected with passage or travel. See *Calye's case*, 8 *Coke*, 63 *and note to same*, 1 *Smith Lead. Cas.*; *also note to Coggs v. Bernard, ibid.*

In *Thompson v. Lacy*, 3 *B. & Ald.* 283, is said "the true definition of an inn is a house where the traveller is furnished with every thing which he has occasion for whilst on his way." In *Bac. Abr.* "*Inns, B.*", an inn-keeper is defined to be "a person who makes it his business to entertain travellers and passengers, and provide lodging and necessaries for them, their horses and attendants." In Calye's case, above cited, it is said "common inns are instituted for passengers and wayfaring men, and therefore if a neighbor, who is no traveller, as a friend at the request of the inn-holder lodges there, and his goods be stolen, &c., he shall not have an action; for the writ is ad hospitandos homines, &c., transeuntes et in eisdem hospitantes, &c."

CARTER v. HOBBS.

So if a person come to an inn on a special contract to board there, the law treats him not as a guest, but as a boarder:—*Bac. Abr.* "*Inns, C.* 5," *Parkhurst v. Foster,* 1 *Salk.* 388; and the goods of a permanent boarder are not protected as those of a guest:—*Manning v. Wells,* 9 *Humph.* 746; *Kisten v. Hildebrand,* 9 *B. Monr.* 72, 74. So if a person, who is a guest, have a room specially for the purpose of showing or selling his goods, he can not hold the inn-keeper to his liability strictly as such, in respect to these goods:—*Burgess v. Clements,* 4 *M. & S.* 306.

In view of these authorities, and others which might be cited, we do not think the facts of this case show that the relation of inn-keeper and guest existed between the defendant and the plaintiff; nor that the defendant received the goods in his capacity of inn-keeper, but merely as an ordinary bailee. He could not, we think, have had a lien upon them for the plaintiff's bill. The plaintiff was no more the guest of the inn than any person residing across the street, and attending the ball on the same occasion. If a guest at all, he was rather the guest of the fire company. The defendant, on this particular occasion, was no more acting in the character of inn-keeper, as to those attending the ball, than any other person furnishing the rooms and supper, at any other house, for such special occasion. The plaintiff did not resort to the hotel for any purpose which brings him within the common law definition of the guest of an inn.

The judgment of the Court below must be reversed, and the defendant is entitled to a judgment in this Court for his costs in both courts.

The other Justices concurred.