WESLEY FITCH, APPELLANT, v. JACOB CASLER,
RESPONDENT.

*Inn-keeper and guest — when that relation does not exist.*

The defendant, an inn-keeper, issued invitations for a "fourth of July party" at
his inn; he furnishing music, a supper and stabling for the horses, for two
dollars. In pursuance of one of these invitations plaintiff attended, stabled his
horse with the defendant, danced, and had supper, paying therefor two dollars.
He also drank at the inn, liquors being charged for in addition to the two dol-
lars. In an action brought to recover for an injury to plaintiff's horse, *held,*
that the relation of inn-keeper and guest did not exist.

APPEAL from a judgment of the Otsego County Court in favor
of the defendant, entered upon the verdict of a jury. The action
was brought to recover for injuries sustained by plaintiff's horse.

The defendant kept a hotel. A short time before the fourth
of July, 1877, the defendant issued cards, of which the following
is a copy: "Fourth of July party at Casler's Hall, Springfield
Centre, N. Y., Wednesday evening, July 4, 1877, yourself and
lady are respectfully invited to attend. Music by the Old Utica
Band, Jacob Casler, proprietor. Room managers, John Hann,
Samuel Hillsinger, bill two dollars." The plaintiff received one
of these cards, and, thereupon, on the evening designated, went
with a horse and buggy to the defendant's hotel. On arriving
there, by direction of the hostler, he put his horse in the barn of
one Mr. Rozie, engaged by the defendant for the occasion. The
plaintiff took part in the dance, and had supper and paid his bill.
The two dollars mentioned in the bill covered the night supper,
hay for the horse and the dancing bill, but not supper at any other
time, or cigars, or spirits. The plaintiff drank at the hotel. The
dancing hall is a part of the hotel. Supper was in the dining-
room of the hotel. The ball room and sitting room were open to
the persons who came to the party. The ball was gotten up for
the benefit of the defendant. There was evidence that the plain-
tiff's horse was injured. The court held that the relation of inn-
keeper and guest did not exist; and the only question on this
appeal was upon that holding. The question of liability for neg-
ligence was submitted to the jury.

*Lynes & Van Horn*, for the appellant.

*Samuel A. Bowen*, for the respondent.

LEARNED, P. J.:

The well-known principle of the liability of an inn-keeper has been maintained, in order to protect those who come to his house, as to an inn or hotel. (*Calyes Case*, 8 Coke, 32.) It certainly cannot be that, if an inn-keeper invites a friend to dinner, that peculiar liability arises. And, so in the present case, the plaintiff came on the invitation of the defendant. He came, not as to an inn or hotel, but as to a ballroom, for the purposes of engaging in a dance. He was to pay a certain charge for admission, and this charge included the care of his horse. Still he was not a traveler and did not come in that character. He would have had no right to come, if he had not been invited.

It is true, as urged by the plaintiff, that even the purchasing of liquor has been held sufficient, under some circumstances, to make one the guest of the inn-keeper. This shows that it is not the amount of refreshments, but the character under which the purchaser buys them, which determines the relation of the parties. The defendant, in this instance, was in the same position with any other owner of a ballroom, who should, for the purpose of profit, invite certain persons to come to it for a dance, and should charge them a certain price for the dance, the supper and for the care of their horses. (*Carter* v. *Hobbs*, 12 Mich., 52.)

It may sometimes be difficult to draw a line between cases where the person is, or is not, in respect to the transaction in question, an inn-keeper. But we think the proper rule was adopted in this case, and that the judgment should be affirmed, with costs.

Present — LEARNED, P. J. and BOARDMAN, J.; BOCKES, J. taking no part.

Judgment and order* affirmed, with costs.

---

* So in list of decisions, though no appeal appears to have been taken from any order. — [REP.