CURTIS, Appellant, vs. MURPHY, Respondent.

*March 10 — March 31, 1885.*

INNKEEPERS.  *(1) Who is a guest: Taking room for purposes of prosti-
tution.   (2) Authority of night clerk to receive money for safe-
keeping.*

1. C. went to a hotel near his residence about midnight, with a disrepu-
   table woman, registered as " C. and wife," and was given a room
   for the night.  He delivered to the night clerk $102 for safe-keep-
   ing.  During the night the clerk absconded with the money.  *Held*,
   that C. was not a guest, and therefore was not entitled to recover
   the money from the proprietor of the hotel.
2. A traveler who goes to a hotel at night and finds a clerk in charge
   of the office, assigning rooms, etc., has the right to assume that
   such clerk represents the proprietor and has authority to take
   charge of money which may be handed him for safe-keeping.

APPEAL from the County Court of *Milwaukee* County.
The facts will sufficiently appear from the opinion.   There
was a verdict and judgment for the defendant, and the
plaintiff appealed.

*J. E. Wildish*, for the appellant.
*John A. Wall*, for the respondent.

COLE, C. J.   The defendant in this action was the pro-
prietor of the St. James Hotel, in Milwaukee.   The plaint-
iff was a single man, and kept a saloon not many blocks
distant from the hotel.   The following facts are clearly
shown by the plaintiff's own testimony.   About 12 o'clock
at night on the 13th of March, 1882, the plaintiff came to
the hotel with a disreputable woman, whom he had met on
the street, and whose name he did not know, and registered
himself and the woman as "Thomas Curtis and wife,"
called for a room, and it was assigned him by a person or
clerk who was in charge of the office.   The plaintiff testi-
fied that before going to his room he said to this clerk that
he saw on the top of the register that all moneys and jewels

should be given to the proprietor; when the clerk replied that the proprietor was in bed, and that he held the position of night-clerk. Thereupon the plaintiff handed the clerk $102 for safe-keeping, and took a receipt, which read, "I. O. U. $102," signed by the clerk. That night the clerk absconded with the money. The plaintiff sues to recover it of the proprietor of the hotel.

The natural, perhaps necessary, inference from the plaintiff's own testimony is that he went to the defendant's hotel at midnight with a prostitute, and engaged a room solely for the purpose of having sexual intercourse with the woman. True, he says that he went to the hotel as a guest, and asked the clerk if he "could stay there for bed and breakfast." But he lived near by, gave no reason why he did not go to his usual lodging place, therefore we feel entirely justified in assuming that he went to the hotel for the unlawful purpose above indicated. This being the case, the question arises whether he was a guest in a legal sense; and entitled to protection as such. The learned counsel for the defendant insists that he cannot and should not be deemed a guest under the circumstances, and entitled to the rights and privileges of one. If the relation of innkeeper and guest did exist between the parties, it is difficult to perceive upon what ground the defendant can escape responsibility for the loss of the money handed to the clerk or person in charge of the office; for the common law, as is well known, on grounds of public policy, for the protection of travelers, imposes an extraordinary liability on an innkeeper for the goods of his guest, though they may have been lost without his fault.

It is not easy, says Mr. Schouler, to lay down, on the whole, who should be deemed a guest in the common-law sense; the facts in each case must guide the decision. Bailments, 256. A guest is a "traveler or wayfarer, who puts up at an inn." *Calye's Case*, 8 Coke, 32. "A lodger or

stranger in an inn." Jacob's Law Dict. A traveler who comes to an inn and is accepted, becomes instantly a guest. Story on Bailments, § 477. "It is well settled that if a person goes to an inn as a wayfarer and traveler, and the innkeeper receives him into his inn as such, he becomes the innkeeper's guest, and the relation of landlord and guest, with all its rights and liabilities, is instantly established between them." *Jalie v. Cardinal*, 35 Wis. 118. "The cases show that to entitle one to the privileges and protection of a guest he must have the character of a traveler; one who is a mere temporary lodger, in distinction from one who engages for a fixed period at a certain agreed rate. The main distinction is the fact that one is a wayfarer, or *transiens;* and it matters not how long he remains, provided he assumes this character." Note to *Clute v. Wiggins*, 7 Am. Dec. 451.

In these definitions the prominent idea is that a guest must be a traveler, wayfarer, or a transient comer to an inn for lodging and entertainment. It is not now deemed essential that a person should have come from a distance to constitute a guest. "Distance is not material. A townsman or neighbor may be a traveler and therefore a guest at an inn, as well as he who comes from a distance or from a foreign country." *Walling v. Potter*, 35 Conn. 183. Justice WILDE says, in *Mason v. Thompson*, 9 Pick. 284, that "it is clearly settled that to constitute a guest in legal contemplation, it is not essential that he should be a lodger or have any refreshment at the inn. If he leaves his horse there, the innkeeper is chargeable on account of the benefit he is to receive for the keeping of the horse." Judge BRONSON, in commenting on this case in *Grinnell v. Cook*, 3 Hill, 485–490, says where the owner of a horse sent the animal to an inn to be kept, but never went there himself, and never intended to go there as a guest, it seemed but little short of downright absurdity to say that in legal contemplation he

was a guest. On principle it would seem that a person should himself be either actually or constructively at the inn or hotel for entertainment in order to establish the relation of landlord and guest. In *Atkinson v. Sellers*, 5 C. B. (N. S.), 442, COCKBURN, C. J., remarks: "Of course a man could not be said to be a traveler who goes to a place merely for the purpose of taking refreshment. But if he goes to an inn for refreshment in the course of a journey, whether of business or of pleasure, he is entitled to demand refreshment and the innkeeper is justified in supplying it."

If a traveler have no personal entertainment or refreshment at an inn, but simply care and food for his horse, he may be a guest, for he makes the inn his temporary abode,— his home for the time being. *Ingalsbee v. Wood*, 36 Barb. 452; *Coykendall v. Eaton*, 55 Barb. 188. And while the definition of guest has been somewhat extended from its original meaning, it does not include every one who goes to an inn for convenience to accomplish some purpose. If a man and woman go together or meet by concert at an inn or hotel in the town or city where they reside, and take a room for no other purpose than to have illicit intercourse, can it be that the law protects them as guests? Is the extraordinary rule of liability which was originally adopted from considerations of public policy to protect travelers and wayfarers, not merely from the negligence but the dishonesty of innkeepers and their servants, to be extended to such persons? If so, then for a like reason it should protect a thief who takes a room at an inn and improves the opportunity thus given to enter the rooms and steal the goods of guests and boarders. We do not think that the relation of innkeeper and guest can or does arise in the cases supposed. One whose *status* is a guest is a traveler or transient comer who puts up at an inn for a lawful purpose, to receive its customary lodging and entertainment. It is not one who takes a room solely to commit an offense

against the laws of the state. So, upon the facts detailed by the plaintiff himself, we have no hesitation in saying that he was not a guest at the hotel within the legal sense of the term. The relation of landlord and guest was never established between them.

We feel the more confidence in the correctness of this conclusion when we consider the duties of an innkeeper. An innkeeper is bound to take in all travelers and wayfaring persons, and to entertain them, if he can accommodate them, for a reasonable compensation; and he must guard their goods with proper diligence. Bac. Abr. tit. "Inns and Innkeepers, (C);" Story on Bailments, § 476. Now, if the defendant had been aware of the purpose of the plaintiff in applying for a room, could he not have refused to receive him into his house? Nay, more, if the plaintiff had been received by the clerk and a room had been assigned him, could not the defendant, on learning the purpose for which the room had been taken, have incontinently turned the plaintiff and the woman with him into the street, or have called the police and had them arrested? It seems to us there can be no doubt of the right of the defendant thus to have treated the plaintiff. But if the plaintiff was a guest, and entitled to the rights and privileges of a person having that *status* at the hotel, he could not have been turned into the street, though his profligate conduct was outraging all decency and ruining the reputation of the hotel.

The questions which have frequently come before the courts for consideration were whether a person, upon the facts of the case, was a traveler or temporary sojourner, so as to be deemed a guest, or whether he was to be regarded as a boarder, or one at the hotel as a special customer. These questions are elaborately examined in some of the cases above cited; also in *McDaniels v. Robinson*, 26 Vt. 316; *Berkshire Woollen Co. v. Proctor*, 7 Cush. 417; *Norcross v. Norcross*, 53 Me. 163; *Pinkerton v. Woodward*, 33

Cal. 557; *Hancock v. Rand,* 94 N. Y. 1; *Smith v. Keyes,* 2 N. Y. Sup. Ct. (T. & C.), 650; *Fitch v. Casler,* 17 Hun, 126; *McDonald v. Edgerton,* 5 Barb. 560; *Shoecraft v. Bailey,* 25 Iowa, 554; *Manning v. Wells,* 9 Humph. 746.

It seems to have been taken for granted in the court below that the plaintiff was a guest at the hotel. But the learned county court held that sec. 1725, R. S., requires the guest to deliver his money to the innkeeper himself, or to a clerk having authority from the innkeeper to receive it. As it did not appear that the clerk in this case had such authority, the defendant was relieved from responsibility for the money lost by the clerk. We should hesitate to affirm the correctness of this view of the law. On the contrary, we think a traveler, when he goes to a hotel at night and finds a clerk in charge of the office, assigning rooms, etc., has the right to assume that such clerk represents the proprietor and has authority to take charge of money which may be handed him by a guest for safe-keeping. But still, in the view which we have taken of the character of the plaintiff, and that he was not a guest at the hotel, this error of the court is immaterial. On the whole record the judgment is right, and must be affirmed.

*By the Court.*—Judgment affirmed.