JACOB COHEN *vs.* ANTHONY O. MANUEL.

Penobscot.   Opinion January 22, 1898.

*Innkeeper.   Pedler.   License.   Stat. 1889, c. 298.   R. S., c. 27, § 7.*

The want of a license to peddle does not bar a pedler from recovering against an innkeeper for the value of goods lost while in the keeping of the innkeeper, though the goods were intended for sale without license.

When an innkeeper directed his guest to take his horse and cart to a livery stable which belonged to the innkeeper, but was not connected with the inn, and the guest did so, and put the horse and cart into the care of the innkeeper's hostler, *held;* that this constituted a delivery to the innkeeper for safe custody, and that the property was infra hospitium.

ON EXCEPTIONS BY DEFENDANT.

The case is stated in the opinion.

*P. G. White,* for plaintiff.

*J. B. Peaks and E. C. Smith,* for defendant.

The plaintiff cannot recover unless protected by a license, because he was performing acts forbidden by statute. *Harding* v. *Hager,* 60 Maine, 341. Burden of proof on plaintiff to show license. *State* v. *Churchill,* 25 Maine, 306. In *Lord* v. *Chadbourne,* 42 Maine, 439, the court cite *Robinson* v. *Howard,* in note 7 Cush. 611, that an action cannot be maintained upon a note given to the payee in payment for goods bought of him by the defendant, for the purpose of being carried about from place to place and exposed for sale, by the defendant, contrary to statute. If a man who sells goods to a pedler knowing they are to be sold in violation of law, can not recover for the price simply because he

knew they were to be sold in violation of law, much more can not a man who is selling such goods in violation of law recover for their loss against an innkeeper.

Plaintiff surrendered his common law remedy against the innholder by violating the statute against hawkers and pedlers. *Norcross* v. *Norcross*, 53 Maine, 163; *Stanwood* v. *Woodward*, 38 Maine, 192. To hold otherwise would be to give the pedler, who was violating the statute, his common law remedy against the innholder while at the same time denying the innholder who has no license, the common law remedy of the lien upon the goods of the pedler who is his guest.

Plaintiff was not a guest within the meaning of the law, so far as his goods were concerned, and can not recover for their loss. The innkeeper accepted the goods as bailee only, and is liable only for negligence. He is not obliged at common law to receive a guest with a stock of goods, carried for sale, even with a license. *Arcade Hotel* v. *Wiatt*, 44 Ohio St. 33, (58 Am. Rep. 788); *Neal* v. *Wilcox*, 4. Jones' Law, 146, (67 Am. Dec. 266); *Burgess* v. *Clements*, 4 Maule & S. 306; *Pettigrew* v. *Barnum*, 11 Md. 434, (69 Am. Dec. 219); *Carter* v. *Hobbs*, 12 Mich. 52, (83 Am. Dec. 762.)

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

SAVAGE, J. This is an action on the case, wherein the plaintiff claims to recover of the defendant, an alleged innkeeper, for the loss of his goods while he was a guest at the defendant's inn. The plaintiff was a pedler and stopped at the defendant's inn, and while his peddle-cart was in the defendant's stable, it was broken open and the goods in question were stolen therefrom. By their verdict for the plaintiff, the jury, under instructions to which no exceptions were taken, have settled that the defendant was an innkeeper, that the plaintiff was a traveler, and a guest at the defendant's inn, and that the goods were lost while the plaintiff was defendant's guest.

The defendant contends that the plaintiff being a pedler, and

the goods lost having been merchandise · carried by him for the purpose of sale, is not entitled to recover unless he shows affirmatively that he was licensed as a pedler under the provisions of the Public Laws of 1889, c. 298; the defendant also contends that under the circumstances of the case, he is liable, if at all, only as bailee, and not as innkeeper.

I. The defendant's bill of exceptions states that "there was evidence tending to show that at the time of the loss, the plaintiff was traveling from town to town, and from place to place in the town of Brownville, selling said goods and chattels, in violation of section 1, chapter 298, of the Public Laws of 1889, unless the plaintiff had a license from the secretary of state so to do. There was no evidence from either plaintiff or defendant as to whether the defendant had a license or not."

The defendant requested the presiding justice to instruct the jury that "an innkeeper is not liable for the loss of merchandise carried by a pedler for the purpose of sale, who stops at said inn, unless such pedler has a license to peddle under the laws of the state." This instruction was refused.

There was no evidence in the case that the plaintiff did have or did not have a license, and the defendant claims that the burden to show a license was on the plaintiff. But we do not consider or decide this question, because if, as we hold, the want of a license does not preclude the plaintiff from recovering, the matter of the burden of proof is immaterial.

We think that the plaintiff is not debarred from maintaining this action, though he may have had no license as a pedler.

The defendant relies upon the principles stated in *Lord* v. *Chadbourne*, 42 Maine, 429; *Mohney* v. *Cook*, 26 Pa. St. 342, (67 Am. Dec. 419,) and other cases. It is true, in the language of *Lord* v. *Chadbourne*, supra, that "the common law will afford no aid to a party whose claims can be successfully enforced only · by a violation of its principles, or in direct contravention of a statutory enactment." It is true, in the language of *Mohney* v. *Cook*, supra, that "there are cases wherein an injured party will be remediless, because of his own fault, even when the

fault does not contribute to the accident. A vessel engaged in the slave trade, piracy or smuggling and injured by another, or the keeper of a gambling house injured in his business by a neighboring nuisance, could have no remedy. Not, however, because the persons are out of the protection of the law for these offenses, nor because their illegal business brought them to the place of danger; but because their business itself, with all its instruments, is outlawed. Prohibited contracts, prohibited trades, prohibited things receive no protection." Among such prohibited contracts is the sale of intoxicating liquor intended for illegal sale in this state. *Wasserboehr* v. *Boulier*, 84 Maine, 165 ; the sale of hay pressed and baled and not branded; *Buxton* v. *Hamblen*, 32 Maine, 448 ; the sale of lumber not surveyed and marked, *Richmond* v. *Foss*, 77 Maine, 590 ; the sale of hoops not culled, *Durgin* v. *Dyer*, 68 Maine, 143.

All such sales are expressly, or by implication, forbidden by law. So a party has been held remediless who seeks to enforce a contract made on Sunday. *Towle* v. *Larrabee*, 26 Maine, 464. And he who suffers an injury arising from his violation of the Sunday law, so-called, is equally without remedy. *Wheelden* v. *Lyford*, 84 Maine, 114.

The language in *Lord* v. *Chadbourne*, and in *Mohney* v. *Cook*, above cited, is a correct statement of a general proposition. How inapplicable it is to the case at bar can easily be seen when we look at the questions which were decided in these cases. In the former, the precise question decided was that under the provisions of the statute of 1851, c. 211, § 16, no action whatever could be maintained for intoxicating liquors or their value. Intoxicating liquors were thus practically outlawed. Trespass against a wrong doer even could not be maintained. But when the statute was modified the rule was modified accordingly, and it was thereafter held that trespass would lie for the unauthorized conversion of intoxicating liquors, even though they were intended for illegal sale in this State. *Hamilton* v. *Goding*, 55 Maine, 419; *Bliss* v. *Winslow*, 80 Maine, 274; *Adams* v. *McGlinchy*, 66 Maine, 474. In *Mohney* v. *Cook*, supra, the question actually decided was that a party who

erects an obstruction in a navigable stream, and thereby occasions an injury to another, cannot, in an action for such injury, set up as a defense, that the plaintiff was unlawfully engaged in worldly employment on Sunday, when the injury occurred.

It will be seen in the illustrations which we have given, that a remedy has been refused, because the plaintiff's right of action was directly connected with, or grew out of, a violation of law. But it is not unlawful for a pedler, with or without license, to put up at an inn. The plaintiff did not lodge at the defendant's inn as a pedler, but as an individual. As a property owner merely he intrusted his property to the defendant's safe keeping. It was not unlawful for him to eat, drink and be sheltered in an inn, nor to deliver, or offer to deliver, his money and other property to the inn-keeper for safe custody. If his property consisted of merchandise carried by him for the purpose of sale, without a license, in violation of law, it was none the less property. A pedler may lawfully care for and protect his property. If he exposes it for sale, or sells it, without license, he may be fined. No penalty attaches to the merchandise itself. It cannot be seized or forfeited. It is neither contraband nor outlawed. The rights and liabilities which exist between the innkeeper and his guest, who is a pedler, are created by law, and grow out of the relation between them, and are in no degree dependent upon the purpose of the owner to sell the goods at some future time, without license. It is, therefore, the opinion of the court that even if the plaintiff had no license to peddle, that fact would not constitute a defense to this action, and that the requested instruction was properly refused.

II.   The evidence tended to show that the defendant's stable, where the plaintiff's peddle-cart was kept, was a livery stable, unconnected with the inn, and known by the plaintiff to be so. The defendant directed the plaintiff to take his horse and cart to the stable. The plaintiff did so, and there put them into the care of the defendant's hostler. The defendant requested that the jury be instructed that " an innholder is not liable for the loss of merchandise, carried by a pedler, who stops with said innholder, which

is left by such pedler in a livery stable known by said pedler to be a livery stable, and not connected with said inn." This request was refused, and we think correctly refused.

The defendant does not claim that an innkeeper may not be liable for the loss of the merchandise of his guest, under some circumstances, but he insists that when the plaintiff left his cart in the livery stable "not connected" with the inn, the defendant's liability, at the most, was that of bailee, and not that of innkeeper. As the stable belonged to the defendant, and was used ·by him for putting up the team of his guest, we understand the expression "not connected," as applied to the stable, to mean that the stable was not physically attached to the inn, that it stood in a different place.

By the statute law of this state, R. S., c. 27, § 7, an innkeeper is not liable for goods such as it is claimed were lost in this case, except upon delivery, or offer of delivery by the guest to the innholder, his agent or servants, for safe custody. The plaintiff put up at the defendant's inn. He thereby became a guest. He had a horse and peddle-cart. He was directed by the defendant to take them to the stable. He did so. He put them into the care of the defendant's hostler. This constituted a statutory delivery to the defendant. It is clear that the delivery was "for safe custody," and in this respect, this case is unlike the cases cited by the defendant, where a pedler took his merchandise to a separate room to show and sell, *Neal* v. *Wilcox*, 4 Jones' Law, 146, (67 Am. Dec. 266); or where one procured from the landlord a lot in which to keep his hogs and horses for the purpose of showing and selling them, *Burgess* v. *Clements*, 4 Maule & Selwyn, 306 ; or where one had a room especially for the purpose of keeping or selling his goods, *Carter* v. *Hobbs*, 12 Mich. 52.

When the plaintiff's goods were thus delivered to the defendant for safe custody, they were infra hospitium. Though the defendant directed them to be placed in a stable "not connected" with his inn, his liability was not modified or discharged. It was his stable. It was the place he selected in which to keep the goods safely. That the place was not connected with the inn does not

control. *Hilton* v. *Adams*, 71 Maine, 19. It was a single transaction,—the putting up at the inn, and the delivery of the goods to the defendant. We cannot doubt but that the defendant received the plaintiff's goods as an innkeeper. *Norcross* v. *Norcross*, 53 Maine, 163, and cases cited; *Clute* v. *Wiggins*, 14 Johns. 175, and note to same case, 7 Am. Dec. 449. The refusal of the presiding justice to give the requested instruction was right.

The defendant waives his other exceptions.

*Exceptions overruled.*