JACOB F. BUNN, Respondent, v. CATHARINE M. JOHNSON, Appellant.

St. Louis Court of Appeals, December 27, 1898.

1. **Hotel**: LANDLORD AND GUEST. To establish the relation of landlord and guest the traveler must visit the hotel for the purpose of availing himself of the entertainment offered, that is to obtain refreshments or lodging, but if he should engage and pay for a room merely to secure a safe place for the deposit of his valuables, he would not be a guest.

2. **Declaration of Law**: INTENTION. In the case at bar the trial court, in its declaration of law, erroneously ignored entirely the question of the intention of the traveler to occupy the room engaged and paid for.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

JAMES P. KERR for respondent.

Plaintiff was a guest at defendant's inn. Bouvier's Law Dictionary, "Guest." 1 Addison on Torts, sec. 684; Story on Bailments [9 Ed.], sec. 477. Innkeeper is liable for loss of goods of guest under the facts in this case. 6 Pothier, Pand. Lib. 4, title 9, n. 2; 1 Domat, B. 1, title 16, sec. 1, art. 5; York v. Grindstone, 1 Salkeld, 38; McDaniels v. Robinson, 26 Vt. 316.

JOHNSON, HOUTS & MARLATT for appellant.

In order to make one liable as an innkeeper for goods lost at his inn, it must appear that he was acting in the capacity of innkeeper at the time the goods were stolen, and that the owner was his guest. In other words, unless the relation of innkeeper and guest existed between plaintiff and defendant at the time of plaintiff's deposit of his valuables and their loss, defendant can not be held liable in this action. Carter v. Hobbs, 12 Mich. 92; 11 Am. and Eng. Ency. of Law, p. 12, and cases cited. In the Encyclopedia of Law, above citation, the writer says: "Neither the lien of the innkeeper upon goods entrusted to him, nor his liability for their loss, exists where the owner of the goods was not, actually or constructively, the guest of the innkeeper." In Carter v. Hobbs, the court well says: "In order to make one liable as an innkeeper at the common law for goods lost at his inn, it must appear that he was acting in the capacity of innkeeper on the occasion when the goods were stolen, and that

the owner was his guest; in other words, that the latter visited the inn for purposes which the common law will recognize as the ·purposes for which inns are kept." In the declaration of law given by the court, which shows the theory on which the court decided the case, he nowhere declares it necessary for the court, sitting as a jury, to find that plaintiff occupied the status of a guest, or that the relation of landlord and guest existed between plaintiff and defendant. Whether or not plaintiff occupied the status of a guest is a question of fact, to be decided from all the facts and circumstances in evidence. Arcade Hotel Co. v. Wiatt, 44 Ohio St. 33; Schoular on Bailments, p. 256; Articles on Inns and Innkeepers, 11 Am. and Eng. Ency. of Law, p. 26; Thickstun v. Blackf., 535 (538); Strauss v. Hotel, L. R. 12 Q. B. D. 27.

BIGGS, J.—The record presents a single question. If a person engages a room at a hotel for the night and pays for it, is he in legal contemplation a guest? In other words, is it immaterial that he did not at any time intend to occupy the room? The defendant is sought to be charged in this action as an innkeeper for the value of certain property which plaintiff claimed was deposited by him, as a guest of the hotel, with defendant's night clerk. The clerk absconded, taking the valuables with him. Plaintiff testified that he engaged a room at the hotel for the night, paid the night clerk therefor, and that at the time he intended to occupy it. He did not occupy it, but spent the night at another place. There was evidence tending to prove that he did not at any time intend to use the room, and that he engaged and paid for it merely for the purpose of securing a safe place of deposit for his money and jewelry. The court instructed, as a matter of law, that he was a guest if he engaged and paid for the room.

The finding and judgment were for the plaintiff, and the defendant has appealed.

An inn or hotel is a place where the proprietor makes it his business to furnish food or lodging or both to travelers. To establish the relation of landlord and guest the traveler must visit the hotel *for the purpose* of availing himself of the entertainment offered, that is to obtain refreshments or lodging. Carter v. Hobbs, 12 Mich. 52; Arcade Hotel Co. v. Wiatt, 44 Ohio St. 32; Curtis v. Murphy, 63 Wis. 4; Strauss v. County Hotel, 12 Q. B. D. 27; McDaniel v. Robinson, 26 Vt. loc. cit. 534. Under the foregoing statement of the law the *intention* to become a guest is always present in such cases. Intention is a question of fact, and hence, all of the authorities say that whether the relation of landlord and guest exists, is always a question of fact for the jury. The evidence, however, may be of such a character in a given case as to leave no room for dispute as to plaintiff's intention. Thus, if he engaged a room at an hotel and occupied it in the usual way, there could be no question that he intended to become a guest, and it would be the duty of the court to instruct the jury that if they found those to be the facts, they should find that plaintiff was a guest. On the other hand, if a plaintiff should engage and pay for a room merely to secure a safe place for the deposit of his valuables, then clearly he would not be a guest, and it would be the duty of the court to instruct the jury to so find, provided they found the facts as stated. But if, from the evidence, it be doubtful whether the plaintiff engaged and paid for a room with the intention of availing himself of the hospitalities of the house, then it would be the duty of the court to instruct the jury that before they could return a verdict for plaintiff they must find that such was his intention. The latter case is the one we have here, and, as the declaration of

law ignores entirely the question of intention, it is clear that the judgment of the circuit court was predicated upon an erroneous conception of the law. Judgment will be reversed and cause remanded. All concur.