## LUCIA v. OMEL.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

1. RIGHT OF APPEAL—LIMITATION—HOLIDAYS.

Where the day on which the limit for appeal would ordinarily have expired and the day following were made days of general thanksgiving and public holidays, and the day following such holidays was a Sunday, the limit for appeal did not expire until the Monday following.

2. INNKEEPERS—LIABILITY FOR GOODS OF GUEST.

An innkeeper is liable for the loss of goods of his guest unless the loss is caused by the act of God, the common enemy, or by the guest's neglect or default.

3. SAME—MISCONDUCT OF GUEST.

Plaintiff, a guest in a hotel, took a woman of ill fame to his room with him for consort, who absconded with a sum of his money. . Plaintiff then requested the hotel clerk to keep the remainder of his money for him, but the clerk refused to do so, and, after plaintiff went back to his room, the balance of his money was stolen from him. *Held*, that plaintiff's misconduct and immorality did not bar him from recovery for the balance so subsequently stolen.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Action by Louis N. Lucia against Louis Omel. From a judgment of the municipal court dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herman H. Baker, for appellant.

Owen F. Finnerty, for respondent.

CULLEN, J. The action was brought to recover an amount of money stolen from the plaintiff while a guest in the defendant's hotel at Coney Island. Judgment was rendered on September 9th, and the appeal perfected on October 2d. The appeal was taken in time. Ordinarily, the last day on which to appeal would have been September 29th, but that day and the following were made days of general thanksgiving and public holidays by proclamation of the governor. The 1st day of October was Sunday. The existence of these two holidays and of Sunday extended the appellant's time until the Monday following, October 2d. From the evidence of the plaintiff and his companions it appeared that at about 11 o'clock in the evening he hired a room in defendant's hotel, and took a strumpet with him there for the purposes of consort. After remaining there some time, the woman appears to have absconded with some of the plaintiff's money. Thereupon he went downstairs, and asked the clerk or bartender to keep the remainder of his money, some $200, which the clerk refused. Then the plaintiff returned to his room by himself, went to sleep, and, while so occupying his bedroom, his money was stolen. No evidence was given for the defendant, and the decision of the justice was made, not on the questions of fact, but as a nonsuit.

We think that the story of the plaintiff, if credited, entitled him to recovery. An innkeeper is liable for the loss of the goods of his

guest unless the loss is caused by the act of God, by the common enemy, or by the neglect or default of the guest. Edw. Bailm. § 462. That the plaintiff was a guest in the defendant's hotel cannot be denied, unless his taking the strumpet to his room deprived him of his rights as a guest. In Curtis v. Murphy, 63 Wis. 4, 22 N. W. 825, it was held that, where a man took a woman to a hotel for the purpose of prostitution, he did not thereby acquire the rights of a guest. Assuming this decision to be correct, it is not a bar to the plaintiff's rights in this case. If he had been robbed while occupying his room with the strumpet, the decision cited would apply. If he had been robbed by the strumpet with whom he associated, we would be entirely clear that his loss would be the result of his own negligence and misconduct, and thus preclude a recovery against the landlord within the general rule, even apart from the authority of the Wisconsin case. But the misconduct and immorality of the plaintiff had ceased before he met with his loss. We cannot see how that previous immorality affected his subsequent status as a guest in the hotel.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.