KIMBALL'S CASE.

Penobscot.    Opinion, November 3, 1933.

*George S. McCarty*, for petitioner.
*William B. Mahoney*, for respondent.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.    The case at bar arose under the Workmen's Compensation Act, upon petition of Florence E. Kimball, to secure compensation for the loss of her husband, John A. Kimball, who died after a highway collision on the eighth day of October, 1932.

The Commissioner dismissed the petition. Pro forma ruling of the lower court sustained the ruling of the Commissioner and the widow took her appeal. The facts seem to be as follows, at the time of the collision, and from November, 1930, thereunto, the deceased, John A. Kimball, was in the regular employ of the Ham Realty Company, a corporation, as a collector and salesman.

He lived, with his wife and one child, in Lewiston, in this state. For the last months of his life his work was mainly collecting accounts of his employer, and necessitated travelling from place to place within the state and even beyond its borders. On the morning of the accident he called at the home of the treasurer of his employer, received instructions to collect of a man in Brownville; was given some expense money and started, by motorcycle, across the state.

On a highway, between the towns of Dexter and Dover-Foxcroft he was in collision with an automobile, and received injuries from which he died on that day. It is agreed that petitioner is the dependent widow of the deceased John A. Kimball.

It is further agreed that the right of the deceased to operate a motor vehicle on the public highway, formerly his by virtue of a state license had been suspended long prior to the day of the accident.

Because the rider was not in possession of a license to operate a motor vehicle at the time of the collision on a highway, the Commissioner ruled that he was not then and there in the course of his employment.

In the Commissioner's words, "Kimball, when injured, was not in a place where his duties reasonably provided that he should be when he was at the handle-bars of that motorcycle on the road from Dexter to Dover. He was not 'in the course of his employment,' as the courts have defined and developed that phrase. * * * Three elements are necessary for an employee to be 'in the course of his employment.' It is not enough that the accident occur during the period of employment and that the employee, when hurt, is about his employer's business. A third element must be present; the employee, when hurt, must have been at a place where, to quote the language in Fournier's case, supra, 'the employee reasonably may be in the performance of his duties,' or, stated in the language

of Butler's case, supra, 'at a place where the workman may properly be found.' "

However loath courts may have been to class a hazard of the streets, common to all users thereof, as producing compensable injury if accident thereon occur to an employee, the consensus of a great majority of the State courts is that where the employment requires the employee to travel on the highway, and accident causes injury to the latter when he is using the highway in pursuance of his employment, or in doing some act incidental to his employment, with the knowledge and approval of his employer, such injury is compensable.

It is said that Massachusetts is "the only jurisdiction recently passing upon this question, to take a contra view."

As to liability for highway injury to employee soliciting orders making deliveries or collecting bills, see *Dennis* v. *White & Co.*, 15 C. A., 294, 2 K. B. Div. 1916 (Eng.) 1, cited in 80 A. L. R., P. 125, and there characterized "as one of the most important decisions under the compensation acts ever handed down."

To the same result: *Ridenour* v. *Lewis*, 121 Neb., 823, 238 N. W., 745, 1931; *Lawrence* v. *Matthews*, 1 K. B., 1, 63 A. L. R., 456 (1929); *Stevens* v. *Indiana Commission*, 346 Ill., 495, 179 N. E., 102; *Harby* v. *Marwell Bros.*, 203 App. Div., 525, 196 N. Y. Supp., 729, affirmed without opinion in (1923) 235 N. Y., 504, 139 N. E., 711; Re: *Raynes*, 66 Ind. App., 321, 118 N. E., 387, *Haddock* v. *Edgewater Steel Co.* (1919) 263 Pa., 120, 106 Atl., 196, *London & L. Co.* v. *Ind. Acc. Commission* (1917) 35 Cal. App., 681, 170 Pac., 1074; *Parrish* v. *Armour & Co.*, 200 N. C., 654, 158 S. E., 188; *Central Surety & Ins. Co.* v. *Court*, 36 S. W., (2nd Series), 907, Tenn., 1931.

That when injured the plaintiff was not licensed to operate a motor vehicle has been held not to bar him from recovery.

Illegality of a plaintiff is no bar to his recovery for an injury, unless his illegality is a cause directly contributing to the injury. *Bourne* v. *Whitman*, 209 Mass., 155, 168.

"But we are of opinion that his (plaintiff's) failure in that respect (failure to have a license) is only evidence of negligence in reference to his fitness to operate a car, and to his skill in the actual management of it, unless in the case of the plaintiff, it is

shown to be a contributing cause to the injury sued for, in which case it is a bar to recovery. We think that the operation of a car without a license, while it is a punishable act, does not render the operator a trespasser on the highway, but that the illegal element in the act is only the failure to have a license while operating it, so that if the operation and movement contributed to the accident with which the want of a license had no connection, except as a mere condition, they would not preclude the operator as a plaintiff from recovery.

"If the illegal quality of the act had no tendency to cause the accident, the fact that the act is punishable because of the illegality, ought not to preclude one from recovery for harmful results to which, without negligence, the innocent features of the act alone contributed." *Idem—*171.

True, the case above cited is an action in tort. It is decided on the familiar principle that the right of a person to maintain an action for a wrong committed upon him is not taken away because at the time of the injury he was disobeying a statute, provided this disobedience in no way contributed to the injury. He is not placed outside the pale of the law merely because he was committing a misdemeanor.

We hold the rule to be the same under the Workmen's Compensation act.

And so finding, it is ordered that costs be awarded by the Justice below, including reasonable attorneys' fees.

*Appeal sustained.*