Francisco Cardona Velázquez, Appellant, *v.* Industrial Commission of Puerto Rico et al., Respondents.

No. 202. Argued June 24, 1940.—Decided July 19, 1940.

*Virgilio Brunet* and *Miguel A. Casiano,* for appellant. *George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General,* and *Víctor J. Vidal* and *G. Atiles Moréu, Legal Advisers of the State Insurance Fund,* for respondents.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On leaving a certain town in a motor vehicle, the condition of the driver, who was suffering from orchitis, became such that he could not continue driving. At his request, Cardona, a salesman, took the wheel. Shortly thereafter, while traveling at 15 or 20 kilometers an hour, a blow-out in the right front wheel, caused the vehicle to strike a roadside wall and to turn over. Cardona's claim for injuries was rejected by the Manager of the State Fund on the ground that he was committing a crime because he had no driver's license. The Industrial Commission affirmed this decision. We shall assume, as did the Manager of the State Fund and the Industrial Commission, apparently, that Cardona and the licensed driver were co-employees and that the car belonged to the employer, although these facts do not affirmatively appear from the record before us.

On three successive occasions Cardona had obtained a learner's permit, each for one month. The third permit had expired. He could have obtained a fourth at any time without examination upon payment of one dollar in internal revenue stamps. This he had neglected to do. If he had paid his dollar and obtained the fourth permit the day before the accident, his experience and his qualifications as a driver would have been the same as they were at the time of the accident.

■ By the terms of section 4 of the Workmen's Accident Compensation Act (Laws of 1935, p. 272) an accident is not compensable if it occurs:

"1.—When the workman or employee attempts to commit a crime or to injure his employer or any other person, or when he wilfully causes himself the injury."

There must be some reason for such a legislative provision. A case which does not come within the reason of the rule should not be regarded as within the rule. The letter of the law should not be followed blindly in cases which do not come within its spirit and purpose.

If on the day and at the hour of the accident the police had found in Cardona's home a pistol which he had not reported to the district chief of police of the district in which he resided, the accident would not have been compensable if all cases coming within the letter of the law are to be governed thereby. The same result would follow if the driver, instead of asking Cardona to take the wheel, had parked the car along side a city sidewalk and the car had been struck by another vehicle, thereby causing injuries to Cardona while in the act of spitting upon the sidewalk. We cannot bring ourselves to believe that the legislature intended to say that such accidents are not compensable.

■ The alternative conclusion is that there must be some connection—and ordinarily, we think, some causal connection—between the attempt to commit a crime and the accident. See *Bugh* v. *Employer's Reinsurance Corp.*, 63 F. (2d) 37; *Gima* v. *Hudson Coal Co.*, (Pa.) 165 Atl. 850, 853, and *Shaffler* v. *Lehigh Valley Coal Co.*, (Pa.) 139 Atl. 193, cited by counsel for the Manager of the State Fund; and *Wood* v. *Snyder*, 147 N.E. 314 and *Case of Kimball*, 168 Atl. 871, cited by petitioner.

The orders of the Industrial Commission must be reversed.

Mr. Justice De Jesús took no part in the decision of this case.