Francisco Cardona Velázquez, recurrente, *v.* Comisión Industrial de Puerto Rico, compuesta por los Comisionados Manuel León Parra, Juan M. Herrero y Francisco Paz Granela, demandada, y Ramón Montaner, Administrador del Fondo del Seguro del Estado, recurridos.

Núm. 202.—*Sometido:* Junio 24, 1940. *Resuelto:* Julio 19, 1940.

*Virgilio Brunet y Miguel A. Casiano,* abogados del recurrente; *Hon.*
*Procurador General George A. Malcolm, E. de Aldrey, Procurador*
*General Auxiliar y Víctor J. Vidal González y G. Atiles Moréu,*
abogados los dos últimos del Fondo del Seguro del Estado, abo-
gados del Administrador del Fondo mencionado.

El Juez Asociado Señor Hutchison emitió la opinión del
tribunal.

Al salir de cierto pueblo en un vehículo de motor, el estado
del chófer, que padecía de orquitis, se acentuó en tal forma
que no pudo continuar guiando el vehículo. A instancias
suyas, Cardona, un agente comisionista, se hizo cargo del
guía. Poco después, mientras viajaban a 15 ó 20 kilómetros
por hora, la goma derecha delantera estalló e hizo que el
vehículo se fuera sobre un muro que había en la carretera
y se volcara. La reclamación de Cardona para que se le
pagara indemnización fué rechazada por el Administrador del
Fondo del Estado, fundado en que estaba cometiendo un
delito por no tener licencia de conductor. La Comisión Indus-
trial confirmó su decisión. Asumiremos, conforme hicieron
el Administrador del Fondo del Estado y la Comisión Indus-
trial, aparentemente, que Cardona y el chófer autorizado eran
coempleados y que el vehículo pertenecía al patrono, a pesar
de que estos hechos no aparecen afirmativamente de los autos
que tenemos ante nos.

En tres ocasiones sucesivas Cardona había obtenido
permisos de aprendizaje, cada uno de los cuales duraba un
mes. El tercer permiso había expirado. Él pudo haber obte-
nido un cuarto permiso en cualquier momento sin someterse
a examen, al pagar la suma de $1 en sellos de rentas inter-
nas. Había descuidado hacer esto. Si hubiera pagado su
dólar y obtenido el cuarto permiso el día antes del accidente,
su experiencia y su preparación como conductor hubieran
sido las mismas que al momento del accidente.

■ De conformidad con el artículo 4 de la Ley de Compensaciones por Accidentes del Trabajo (Leyes de 1935, (1) pág. 251, 273) un accidente no es compensable si ocurre:

"1.—Al tratar el obrero o empleado de cometer un delito o de lesionar a su patrono o a cualquier otra persona, o cuando voluntariamente se causare la lesión."

Tiene que haber alguna razón para que exista tal disposición legislativa. Un caso que no cae dentro de la razón de la regla no debe ser considerado como que está dentro de la regla. La letra de la ley no debe ser seguida ciegamente en casos que no caen dentro de su espíritu y fin.

Si el día y a la hora del accidente la policía hubiera hallado en el hogar de Cardona una pistola que éste no había informado al jefe de la policía del distrito en que residía, el accidente no habría sido compensable si es que todos los casos que caen dentro de la letra de la ley han de regirse por ella. Se obtendría el mismo resultado si el conductor del vehículo en vez de pedir a Cardona que se hiciera cargo de la rueda, hubiera detenido el mismo junto a una acera en la ciudad y el automóvil hubiera sido chocado por otro vehículo, causando así lesiones a Cardona en el momento en que éste escupía sobre la acera. No podemos creer que fuera la intención de la Asamblea Legislativa decir que semejantes accidentes no son compensables.

■ La conclusión alternativa es que tiene que haber alguna conexión—que de ordinario a nuestro juicio debe ser alguna conexión causal contra la tentativa de cometer el delito y el accidente. Véanse *Bugh* v. *Employer's Reinsurance Corp.*, 63 F. (2d) 36; *Gima* v. *Hudson Coal Co.* (Pa.), 165 A. 850, 853, y *Shoffler* v. *Lehigh Valley Coal Co.* (Pa.), 139 A. 192, citados por el letrado del Administrador del Fondo del Estado; y *Wood* v. *Snyder*, 147 N.E. 314 y *Kimball's Case* 168 A. 871, citados por el peticionario.

*Deben revocarse las resoluciones de la Comisión Industrial.*

El Juez Asociado Sr. De Jesús no intervino.