Hyman CRAMER

v.

Herbert TARR.

Pauline LEMIEUX

v.

Herbert TARR.

Civ. Nos. 928, 929.

United States District Court
D. Maine, S. D.

Sept. 8, 1958.

Spill & Spill, Biddeford, Me., Edward J. Berman, Portland, Me., for plaintiff.

Wesley Mewer, Old Orchard Beach, Me., and William B. Mahoney, Portland, Me., appeared for defendant.

GIGNOUX, District Judge.

This matter comes before the Court upon identical motions for summary judgment filed by the defendant in the above actions on August 12, 1953.

The principal actions were begun by complaints filed on September 4, 1952 to recover damages for personal injuries allegedly sustained by the plaintiffs as the result of the negligence of the defendant while the plaintiffs were guests at a lodging house owned by the defendant. The uncontroverted facts relevant to these motions, as disclosed by the pleadings, affidavit and deposition on file, are as follows:

On or about July 20, 1952 the plaintiffs travelled together from their homes in Montreal, Canada to Old Orchard Beach, and the plaintiff Cramer, accompanied by the plaintiff Lemieux, rented a room on the third floor of the defendant's lodging house. Cramer, in the presence of the defendant's room clerk and Lemieux, signed the lodging house register "Mr. and Mrs. Hyman Cramer, Montreal, P. Q." and paid the room clerk $35 for one week's rent. Cramer and Lemieux occupied the room thus rented until July 25, 1952.

At approximately 9:00 a. m. on July 25, 1952 a fire occurred in the lodging house while Cramer and Lemieux were occupying the rented room. Cramer helped Lemieux out of the window of the room onto an adjoining roof, and then climbed out himself. From there, Cramer jumped, and Lemieux either jumped or fell, both sustaining the injuries of which they complain.

On October 3, 1952, the date on which his deposition was taken by the defendant, Cramer answered the question, "Are you married?" with the reply, "No, single."

In support of his motions for summary judgment the defendant argues that the plaintiffs registered at the defendant's lodging house as husband and wife, when in fact they were not, in violation of Me. Rev.Stat. c. 88, § 47 (1944).[1] And further, the defendant contends that the plaintiffs so registered for an illegal purpose, viz. to commit fornication, in violation of Me.Rev.Stat. c. 121, § 8 (1944).[2] Hence, (defendant's brief p. 9):

\* \* \* the plaintiffs were trespassers by reason of their unlawful purpose. As a matter of law, it results there was no duty owed them to exercise reasonable care. Since the complaint is premised entirely upon the existence of a duty to exercise reasonable care on the basis that the plaintiffs were invitees, a finding that they were not invitees destroys the major premise upon which their action proceeds. Such finding is inevitable upon the record in this case. Judgment for the defendant must follow, as of course, on this motion.

While there is some question as to whether the record presently before this Court factually supports either of the

1. Now Me.Rev.Stat. c. 100, § 50 (1954) and which reads as follows: "No person shall write, or cause to be written, \* \* \* in any register in any lodging-house or hotel any other or different name or designation than the true name or names in ordinary use of the person registering or causing himself to be registered therein \* \* \* Any person violating any provision of this section shall be punished by a fine of not less than $10 nor more than $25 for each offense."

2. Now Me.Rev.Stat. c. 134, § 8 (1954) and which reads as follows: "If an unmarried man commits fornication with an unmarried woman, they shall be punished by a fine of not more than $100 and by imprisonment for not more than 60 days."

foregoing contentions, the Court does not consider or decide this question.

In the absence of any showing of a causal connection between plaintiffs' alleged statutory violations and their injuries, it is the considered opinion of this Court that neither false registration nor an illegal or immoral purpose in occupying a room in the defendant's boarding house would affect the status of these plaintiffs as guests to whom the defendant owed the duty of reasonable care. It follows, therefore, that plaintiffs would not be barred from maintaining these actions even if false registration for an illicit purpose could be inferred.

Although the Maine Court has not passed upon the precise question here presented, the implications of the decided Maine cases appear clear. In Cohen v. Manuel, 1898, 91 Me. 274, 39 A. 1030, 40 L.R.A. 491, it was held that even if a peddler were not licensed as required by law, he could be a guest at an inn and the innkeeper could be liable for loss of goods stolen from the peddler's cart while it was stored in the innkeeper's stable, there being no causal connection between the violation of law and the injury sustained. In Kimball's Case, 1933, 132 Me. 193, 168 A. 871, the Maine Court similarly held that even though the operator of a motor vehicle upon a public highway were not licensed as required by law, he was not barred from recovery under the Workmen's Compensation Act for injuries suffered by him when his illegality in no way contributed to the injuries. The basis upon which the latter case was decided was stated by the court, in language most apt and applicable to the instant case, as follows (132 Me. 193, at page 195, 168 A. 871, at page 872): "Illegality of a plaintiff is no bar to his recovery for an injury, unless his illegality is a cause directly contributing to the injury."

In accord with the general principle thus stated and applied by the Maine court, the better view of the law and the greater weight of authority is specifically to the effect that false registration in an inn or lodging house for an immoral or illegal purpose will not preclude recovery for injuries resulting from the innkeeper's negligence where there is no showing of a causal connection between the illegality and the plaintiff's injuries. Holcomb v. Meeds, 1952, 173 Kan. 321, 246 P.2d 239; Rapee v. Beacon Hotel Corp., 1944, 293 N.Y. 196, 56 N.E.2d 548, 549; Meador v. Hotel Grover, 1942, 193 Miss. 392, 9 So.2d 782, 785. The following language from the opinion in Meador v. Hotel Grover, supra, states the applicable principle (9 So.2d 782, at page 785):

> "For a plaintiff to be barred of an action for negligent injury under the principle of public policy implicit in the maxim ex dolo malo non oritur actio, his injury must have been suffered while and as a proximate result of committing an illegal act. The unlawful act must be at once the source of both his criminal responsibility and his civil right. The injury must be traceable to his own breach of the law and such breach must be an integral and essential part of his case. *Where the violation of law is merely a condition and not a contributing cause of the injury*, a recovery may be permitted." (Emphasis supplied.)

To the extent that Curtis v. Murphy, 1885, 63 Wis. 4, 22 N.W. 825, and related cases express views in conflict with the foregoing, they are considered by this Court to be unsound.

The Court is of the opinion, therefore, that even if false registration for the purpose of fornication were established, these plaintiffs would yet be guests to whom the defendant owed a duty of reasonable care for their safety and the defendant would not be entitled to judgment as a matter of law.

For the foregoing reasons, the motions for summary judgment must be, and they hereby are,

Denied.